Argued at Pendleton October 31, 1922, affirmed January 2, rehearing denied January 30, 1923.

# STATE v. KEELEN.

### (211 Pac. 924.)

**Criminal Law—Corroboration of Accomplice must Connect Defendant With Crime, and is Insufficient if It Merely Shows Commission of Crime.**

1. A conviction cannot be had on the testimony of an accomplice unless he is corroborated by such evidence as connects, or tends to connect, defendant with the commission of the crime charged, and such corroboration is not sufficient if it merely shows that the alleged crime was committed.

**Larceny—Thief's Knowledge of Owner not Essential.**

2. To constitute larceny, it is not essential that the person who steals the property know who the owner is.

**Larceny — Knowledge of Accused That Person Actually Taking Property had No Right Thereto Essential.**

3. In a prosecution for larceny of an automobile in fact removed from a garage by another, to warrant a conviction the jury must have been satisfied that at the time the automobile was taken by such other person he had neither title thereto nor any right to remove and sell it, and that defendant did not then believe that such other was the owner of the automobile or that he had any right to remove and sell it.

**Larceny—Knowledge of Defendant as to Felonious Intent of Person Actually Taking Automobile Held Essential.**

4. In a prosecution for larceny of an automobile in fact removed from a garage by an accomplice, it was necessary to show that the accomplice removed the automobile with intention to steal it, and that such intention was known to defendant, and that the acts of such other were done in pursuance of the conspiracy theretofore formed between himself and defendant.

**Criminal Law—Failure of Court to Instruct as to Accomplice Testimony on Its Own Motion Held not to Render Faulty an Instruction Actually Given.**

5. In a prosecution for the larceny of an automobile in fact removed from the owner's garage by another, where a proper instruction as to the testimony of an accomplice had been given, defendant could not complain because the court did not on its own motion give an instruction as to testimony of another witness as being an accomplice, where he had failed to request it.

**Criminal Law—Holding as to Sufficiency of Evidence on Former Trial of Case in Absence of Material Variation Becomes Law of Case on Subsequent Trial.**

6. A holding as to sufficiency of evidence on a former trial becomes the law of the case on a subsequent appeal wherein there

is no material variation of the evidence from that adduced on the former trial.

**Criminal Law—Instruction to View Accomplice Testimony With Great Caution Held Properly Refused.**

7. In a prosecution for larceny, it was not error to refuse to instruct that accomplice testimony should be received with "great caution" or with "great care and caution"; Section 868, subdivision 4, Or. L., merely requiring that on proper occasions the court shall instruct that "the testimony of an accomplice ought to be viewed with distrust."

**Criminal Law—Statement of Court on Overruling Motion for Directed Verdict Held not Erroneous.**

8. Where, in a prosecution for larceny, the court, on overruling motion for a directed verdict, stated that an accomplice's testimony "must be corroborated and by circumstances tending to connect defendant with the act, outside, if there is such testimony, and there is testimony of the circumstances referred to" by certain witnesses, *held* not erroneous; it being correct in point of fact.

**Criminal Law—Remarks of Court in Overruling Motion for Directed Verdict not Reviewable in Absence of Objection.**

9. Exception to remarks of the court in overruling a motion for a directed verdict is not reviewable in absence of objections to remarks of the court.

From Union: GUSTAVE ANDERSON, Judge.

In Banc.

This case was before the court upon a prior appeal, *State* v. *Keelen,* 103 Or. 172 (203 Pac. 306). The facts as disclosed by the transcript on this appeal are substantially the same as upon the prior appeal and need not be restated. The defendant, being convicted, appeals.

Among others, the court gave the following instructions, to which defendant takes exception:

"A conviction cannot be had on the testimony of an accomplice unless he is corroborated by such other evidence as connects or tends to connect this defendant with the commission of the crime charged and such corroboration is not sufficient if it merely shows that the alleged crime was committed; but it must in addition thereto be such corroborating evidence as connects or tends to connect the accused now on trial with the commission of the alleged

crime. Therefore, you cannot consider the testimony of C. E. Dooley in this case unless evidence other than his testimony is such as to your minds corroborates his testimony and also connects or tends to connect this defendant who is now on trial as a guilty participant with the said Dooley in the alleged theft.

"If you find such other evidence has been produced and given on this trial, and that it corroborates the testimony given by C. E. Dooley, and that it also connects, or tends to connect, this defendant as a guilty participant in the theft alleged, then and not otherwise you may also consider the testimony of C. E. Dooley for all purposes and give it the weight you decree it entitled to.

"To constitute larceny it is not essential that the person who steals the property must know who the owner is. However, since the evidence in the present case discloses without contradiction that the car in question was taken and removed from the Hilton garage by C. E. Dooley in person, it is necessary to warrant conviction of this defendant that you are satisfied from the evidence beyond a reasonable doubt that at the time the automobile described in the indictment was so taken and removed from the Hilton garage by C. E. Dooley, the said Dooley had neither title to said car nor any right to remove and sell the same, and this defendant did not then believe said Dooley was owner of said automobile nor that he had any right to remove and sell the same. To convict this defendant you must be so satisfied from the evidence that at the time the said Dooley so removed the said car from the garage he did so feloniously with intention to steal it from its owner and that such intention was known to this defendant and that said Dooley in doing said acts did so in pursuance of a conspiracy theretofore formed between himself and this defendant to in said manner steal said car and convert it to their own use, and that this defendant knew of such intention and so knowingly aided or abetted in said acts of stealing of said automobile.

"If you find from the evidence that this defendant and the said Dooley theretofore conspired to aid and abet each other for the purpose of stealing the automobile described in the indictment, and that at the time said car was removed from the garage the same was the property of George Robertson and not that of said Dooley, and that removing said car from the garage the said Dooley was carrying out a plan and an arrangement theretofore made and had between himself and this defendant, and by these means and without consent of owner remove the car and to permanently deprive the owner thereof and to convert it to their own use, then if you so find, the said acts of Dooley in so doing were in effect the acts of this defendant also, and he would be equally guilty with said Dooley in said acts, if said C. E. Dooley so removed said automobile with intent to steal it; otherwise not."

The defendant also excepted to the refusal of the court to give the following instructions:

"I instruct you, gentlemen of the jury, that under the view the court takes of the law and the evidence in this case, it is your duty to find the defendant T. J. Keelen not guilty. * *

"I instruct you that trespass or unlawful taking is an essential and necessary element of the crime of larceny; and I instruct you that unless you find beyond a reasonable doubt that the defendant T. J. Keelen took the said automobile from the possession of the said George Robertson or conspired, aided or abetted C. E. Dooley in such unlawful taking, then it is your duty to return a verdict of not guilty.

"I instruct you that under the issues in this case, that the felonious or unlawful taking of the car, if the same was feloniously or unlawfully taken, was at the time Dooley first took the car with intent to convert it to his own use, and unless you believe from the testimony beyond a reasonable doubt that the defendant T. J. Keelen at, or prior to that time, had conspired with or aided or abetted the said

C. E. Dooley to take said car, then you must bring a verdict of not guilty.

"The testimony of an accomplice should be weighed with great caution, and the jury may disbelieve such testimony altogether, if they believe it untrue, the jury being the sole judge of the credibility of the witness. The jury is not bound to accept Dooley's evidence as true, or any part of it, if they believe it untrue, and the jury should weigh the testimony of an accomplice with great care and caution."

Error is further predicated upon certain remarks of the court made in the presence of the jury upon overruling defendant's motion for a directed verdict. The remarks objected to will be found in the opinion.

                    AFFIRMED.  REHEARING DENIED.

For appellant there was a brief and oral arguments by *Mr. John S. Hodgin* and *Mr. R. J. Green.*

For respondent there was a brief over the names of *Mr. E. R. Ringo* and *Mr. Ed. Wright,* District Attorney, with an oral argument by *Mr. Ringo.*

McBRIDE, C. J.—1-4. We can discover no possible objection to the instructions complained of. They correctly state the law. Dooley, on the face of the indictment and from the fact of conviction, was an accomplice and a confessed one, so that the court had a right as a matter of law to instruct the jury that it should not convict the defendant upon his uncorroborated testimony, and we understand counsel to concede that the instructions are proper so far as they relate to Dooley. The complaint is that the court should have gone further and instructed the jury in regard to the testimony of one Lemberg or Lanburg, who, counsel insist, was also shown to have been an accomplice. For the court to have as-

sumed upon the testimony offered that Lemberg was an accomplice would have been a gross error. If counsel for defendant believed that the testimony tended even in a slight degree to indicate Lemberg's complicity in the theft, it was their privilege to present a request to the court for an instruction that if the jury believed from the testimony that Lemberg participated in the larceny, if one was committed, it must reject his testimony, unless it was corroborated, etc.

5. Having failed to do this, they are in no position to say that because the court of its own motion did not so instruct, the perfectly good instruction which was given in respect to Dooley thereby became faulty.

6. The objection that the court erred in refusing to direct a verdict on the ground that there was not sufficient evidence, is answered by the fact that upon the previous hearing of this case and upon testimony practically the same as that adduced here we held that there was sufficient evidence to take the case to the jury. In the absence of any material variation of the evidence from that adduced on the former trial, our previous holding becomes the law of the case, and, as such, not a subject for discussion on the present hearing.

Defendant complains because the request regarding accomplice testimony was not given as above quoted, but while not given in the exact words requested by counsel it was given substantially in the general charge. That part of the charge given in relation to the value of Dooley's testimony is as follows:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by such other evidence as connects or tends to connect this defendant with the commission of the crime charged,

and such corroboration is not sufficient if it merely shows that the alleged crime was committed; but it must in addition thereto be such corroborating evidence as connects or tends to connect the accused now on trial with the commission of the alleged crime. Therefore, you cannot consider the testimony of C. E. Dooley in this case, unless evidence other than his testimony is such as to your minds corroborates his testimony, and also connects or tends to connect this defendant, who is now on trial, as a guilty participant with the said Dooley in the alleged theft.

"If you find that such other evidence has been produced and given on this trial, and that it corroborates the testimony given by C. E. Dooley, and that it also connects or tends to connect this defendant as a guilty participant in the theft alleged, then and not otherwise you may also consider the testimony of C. E. Dooley for all purposes and give it the weight you deem it entitled to."

7. This fully stated the law and went as far as the statute goes, and the defendant could not have been injured by the fact that the court did not reiterate the words "great caution." Considered in the light of the statute, the request went too far. The statute provides that on proper occasions the court shall instruct the jury that "the testimony of an accomplice ought to be viewed with distrust," a very different matter from the requested instruction that the jury should view Dooley's testimony with *"great caution,"* and further on, that it should view it with *"great care and caution,"* substantially that it must put the testimony under the microscope. When the court told the jury, substantially, that it was not to consider Dooley's testimony at all, unless it was corroborated, and forcibly reiterates this caution, the defendant got everything he was entitled to.

106 Or.—22

Defendant's counsel complain that the court did not give the statutory instruction prescribed in subdivision 4 of Section 868, Or. L., which we have quoted above. The answer is that the defendant did not ask for it but for something different from it. We have held in the case of *State* v. *Chase, supra,* 263, 211 Pac. 920, decided December 19, 1922, that error cannot be predicated upon the failure of the court to give a statutory instruction where there is no request made for it and no exception is taken to the failure of the court to give it.

8. Complaint is also made that the court erred in the following remark made in the presence of the jury when he overruled defendant's motion for a directed verdict:

"Of course, Dooley's testimony must be corroborated and by circumstances tending to connect this defendant with the act, outside, if there is such testimony, and there is testimony of the circumstances referred to by Lemberg and the sheriff and his deputy, matters that I do not think it is necessary or proper to comment upon."

It is difficult to see how the judge could have said less, if he was to give any reason whatever for his ruling. The statement was carefully guarded and was not such as necessarily or even probably would attract the attention of the jury. It was correct in point of fact.

In addition to this, out of abundant caution, and although in our judgment the instruction was unnecessary, the court charged the jury as follows:

"I further instruct you, that defendant made a motion at the close of the state's case, for an order directing an acquittal, and the said motion was overruled by the court. This fact is not to influence you one way or the other in the determination of this

case, and you are not to take such fact as any evidence of the guilt or innocence of the defendant. In passing upon said motion, the court simply passed upon a question of law, and any such action of the court, or any remarks in so doing, is not to be taken by you as indicating any opinion by the court as to the facts, or as to what verdict you should return, you being the sole judges of the facts, and the court being the only and sole judge of the law.''

9. We have treated this objection as though it were regularly here, but it is not. When the court overruled the motion, the *ruling* was excepted to. There was no objection to the remarks of the court made in the course of the ruling.

We have carefully examined the general charge given by the court, which is too long to be repeated here, and find it exceedingly fair to the defendant. It covers every legal request made by defendant, so far as applicable to the case.

Finding no error, the judgment is affirmed.

AFFIRMED.  REHEARING DENIED.