Argued September 22, reversed October 19, costs taxed December 28, 1926, costs retaxed January 11, 1927.

## STATE v. LEON R. EDMUNSON.

(249 Pac. 1098; 251 Pac. 763; 252 Pac. 84.)

**Criminal Law.**

1. Where there is sufficient evidence to show absence of witness from state at second trial, judge must admit his testimony given at former trial, in view of Section 727, subdivision 8, and Section 932, Or. L.

**Criminal Law—Admission, in Prosecution for Selling Liquor, ·of Label on Bottle of Liquor, Put There by Purchaser to Identify Liquor as That Bought from Defendant, Held Reversible Error, in Absence of Instruction That Label Itself was not Evidence of Guilt (Or. L., § 859).**

2. Admission, in prosecution for selling liquor, of label on bottle of liquor, put there by purchaser to identify liquor as that bought from defendant, *held* reversible error, in absence of instruction

---

1. See 8 R. C. L. 215.

that label itself was not evidence of guilt, for witness' memorandum could not be introduced as part of his testimony, in view of Section 859, Or. L.

**Criminal Law—Where Codefendant was One of Principal Witnesses for State, It was Court's Duty to Instruct That Testimony of Accomplice Should be Viewed With Distrust (Or. L., § 868, subd. 4).**

3.  Where codefendant was one of principal witnesses for state in prosecution° for selling liquor, it was court's duty to instruct without request that testimony of accomplice should be viewed with distrust, in view of Section 868, subdivision 4, Or. L., especially where instruction was given that direct evidence of one witness entitled to full credit was sufficient to·prove any fact..

**Criminal Law.**

4.  To avail himself of error in failure to give instruction, defendant must request such instruction and take exception to refusal to give it.

### ON MOTION TO RECALL MANDATE.

**Costs—Recalling of Mandate of Main Case Held not Necessary for Supreme Court to Pass upon Cost Bill.**

5.  It is not necessary to recall mandate on merits of main case in order that Supreme Court may pass upon cost bill.

**Costs—Filing Fee in Defendant's Cost Bill After Reversal Rejected, not Being Exacted from Defendant in Criminal Case.**

6.  Filing fee must be excluded from cost bill tendered by defendant after reversal of conviction; such filing fee not being exacted from defendant in criminal case.

**Costs—Correct Cost Bill Should be Taxed Against County from Which Appeal Came.**

7.  Cost bill containing proper items should be taxed against county from which appeal came.

### ON OBJECTIONS TO COST BILL.

**Criminal Law — Objections to Cost Bill may Properly be Made Within Five Days After Supreme Court's Opinion Permitting It to be Filed.**

8.  Objections to cost bill in criminal prosecution may properly be made within five days after Supreme Court's opinion in which, costs were taxed, effect of which was to permit filing of cost bill, though motion to recall mandate and for permission to file cost bill was made more than a month before.

**Criminal Law—Supreme Court may Consider Objections to Cost Bill, Where Order Based on Opinion Permitting Its Filing has not Been Sent Down.**

9.  Where Supreme Court's order, based on opinion which in effect permitted filing of cost bill in criminal prosecution, has not

---

4.  See 14 R. C. L. 795.

been sent down, it has jurisdiction to consider objections to cost bill.

**Criminal Law—Seventy-five Dollars Held Proper Cost Item for Transcript of Evidence of 500 Folios.**

10. Where aggregate of folios in transcript of evidence in criminal prosecution was 500, cost item for $110 will be reduced to $75.

---

Costs, 15 **C. J.**, p. 335, n. 39; p. 335, n. 40 New, p. 341, n. 64 New.

Criminal Law, 16 **C. J.**, p. 758, n. 55, p. 1000, n. 86; 17 **C. J.**, p. 66, n. 15, p. 375, n. 68 New.

Witnesses, 40 **Cyc.**, p. 2451, n. 89, p. 2467, n. 83.

From Lane: ROBERT TUCKER, Judge.

Department 1.

The defendant appeals from the judgment in which he was sentenced to pay a fine of $500 and be confined to the county jail for six months for the unlawful sale of intoxicating liquor. He was jointly indicted with one Owens who pleaded guilty. At the first trial the jury disagreed. In the second trial one of the principal witnesses in behalf of the state could not be produced and his evidence, as given in the first trial and transcribed by the official reporter, was read to the jury over the objection of the defendant. Numerous other objections are assigned based on alleged errors on the admission of testimony, the rejection of testimony offered by the defendant, to instructions given and those refused to be given.

REVERSED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Paul C. Dormitzer* and *Mr. M. C. Hoge,* with oral arguments by *Mr. A. C. Woodcock* and *Mr. L. R. Edmunson.*

For respondent there was a brief over the name of *Mr. John S. Medley,* District Attorney, with an oral

argument by *Mr. Gordon S. Wells,* Deputy District Attorney.

COSHOW, J.—1. Sufficient showing was made as to the absence of the witness Thompson from the state at the second trial to permit the reading of the evidence given by him at the former trial. The matter of the admissibility of the evidence in such cases must be determined by the trial judge. There being sufficient evidence to show absence of the witness, it was the duty of the judge to admit his testimony given at the former trial: Or. L., § 727, subd. 8, § 932; *State* v. *Von Klein,* 71 Or. 159 (142 Pac. 549, Ann. Cas. 1916C, 1054).

2. Assignments No. 6 and 10 are based on the admission in evidence of a label on the bottle of liquor claimed by the prosecutors to have been purchased from Owens and Edmunson, the defendants. The testimony of Mr. Thompson and Mr. Kletzing is to the effect that almost immediately after the purchase of the bottle of liquor they together pasted on the bottle of liquor a label with the words: "Bought of Leon Edmunson and H. E. Owens." The bill of exceptions contains this matter in this connection:

"Q. Did you place any marks of identification on that bottle?

"A. I placed this label and by marking my name on there and the names of Leon Edmunson and H. E. Owens. Mr. Dormitzer. I will ask now that be disregarded by the jury and be stricken and accepted only for purposes of identification and for no other purpose."

The court overruled the motion and an exception was taken. The bill of exceptions also assigns error because the bottle of liquor was received in evidence without excluding the written statement contained

upon the label. We think it was error for the court
to permit the label to go to the jury without proper
instructions to the effect that the label itself was not
evidence of the guilt of the defendant. The label was
merely a memorandum made by the witness who pro-
cured the evidence. It was proper, perhaps neces-
sary, for them to mark the bottle in such a way that
they could identify it from other bottles of liquor
procured from other persons about the same time.
These witnesses were operating in Lane County dur-
ing that period for the express purpose of detecting
and bringing to trial violators of the prohibition law.
The defendant appears to have objected only to the
label and stated in making the objection that it could
be used for identification purposes only. A witness
has a right to refer to a memorandum made by him-
self for the purpose of refreshing his memory. He
cannot introduce such memorandum as a part of his
testimony: Section 859, Or. L.

3. Assignment No. 14 is based upon the failure of
of the court to give the statutory instruction: ''That
the testimony of an accomplice ought to be viewed
with distrust.'' The bill of exceptions recites that
the court erred in failing to give the statutory in-
structions proper and necessary in this case; namely,
subdivision 4, Section 868 of the Code, '' * * that
the testimony of an accomplice ought to be viewed
with distrust.'' One of the principal witnesses for
the state was the codefendant of Edmunson. The
two are alleged to have participated in the sale ac-
cording to the prosecution. Owens was certainly an
accomplice of Edmunson. The case presents a
proper one for the instruction that the testimony of
an accomplice ought to be viewed with distrust. The
court gave the latter part of said subdivision 4 to the

effect that the admissions of a party should be viewed with caution.  Section 868 prescribes:

"The jury, subject to the control of the court, in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive.  They are, however, to be instructed by the court on all proper occasions,—

"4. That the testimony of an accomplice ought to be viewed with distrust, and the oral admissions of a party with caution; * * "

The defendant did not request that this instruction be given, but defendant excepts because the court failed to give it.  We believe it to be the duty of the court to give the instructions specified in said Section 868 without any request therefor.  The court gave this instruction:

"The direct evidence of one witness who is entitled to full credit is sufficient to prove any fact involved in this case."

4. An accomplice is not entitled to full credit because a conviction cannot be had on his testimony alone.  This consideration makes very appropriate the statutory instruction to the effect that the testimony of an accomplice ought to be received with distrust.  If the judge's attention had been called to it, he doubtless would have given it.  It has been recently held by this court that in order for the defendant to have availed himself of the error it was necessary for him to have requested the instruction and excepted to the refusal of the court to give it: *State v. Keelen*, 106 Or. 331, 338 (211 Pac. 924).

The other errors assigned have all been carefully considered but are not deemed of sufficient importance to justify particular treatment.  There is no merit in any of them.  Because the court, however, per-

mitted the label on exhibit "B," which was the bottle containing the liquor claimed to have been purchased from the defendants, to go to the jury without proper instruction the case must be reversed and remanded for another trial.

REVERSED AND REMANDED.  REHEARING DENIED.

McBRIDE, C. J., and BURNETT and BEAN, JJ., concur.

---

Costs taxed December 28, 1926.

ON MOTION TO RECALL MANDATE AND TAX COSTS.

(251 Pac. 763.)

For the motion, *Mr. A. C. Woodcock, Mr. L. R. Edmunson, in pro. per., Mr. Paul C. Dormitzer* and. *Mr. M. G. Hoge.*

*Contra, Mr. John S. Medley,* District Attorney, and *Mr. Gordon S. Wells,* Deputy District Attorney.

COSHOW, J.—This cause is before us on a motion to recall the mandate and permit the defendant to file a cost bill tendered with the motion. The decision of this court was rendered on October 19, 1926. The motion with the tendered cost bill was served upon the prosecuting attorney on November 22, 1926, and filed here November 23, 1926. No objections have been made to said cost bill or any item therein contained. The statute provides:

"No disbursements shall be allowed to any party, unless he shall serve on such adverse party or parties as are entitled to notice by law, or rule of the court, and file with the clerk of such court within five days after the rendition of the judgment or decree, a statement, with proof of service thereof, if notice to the adverse party is required, indorsed thereon or at-

tached, showing, with reasonable certainty, the items of all disbursements, * * . Such statement of disbursements may be filed with the clerk at any time after five days, but not later than the first day of the next regular term of the court occurring after the expiration of said five days; but in such case, such statement must be served on the adverse party or parties whether he or they shall have appeared or not." Or. L., § 569.

The cost bill was tendered during the same term of this court in which the decision was rendered and time for filing it has not expired.

5. It is not necessary to recall the mandate in order for this court to pass upon the cost bill: *State* v. *Way,* decided December 21, 1926. The cost bill tendered is as follows:

| | |
|---|---|
| Filing fee........................ ...... | $ 15 |
| Attorney's fee.:..................... .... | 15 |
| Transcript of evidence.............. | 110 |
| Printing of brief.................... | 25 |
| | $165 |

6, 7. For the reason that the filing fee is not exacted from the defendant in a criminal case that item must be rejected. There having been no objection made to the other items, they are allowed and should be taxed against Lane County from which the appeal came: *State* v. *Way,* above.

The costs taxed are as follows:

| | |
|---|---|
| Costs..... ........................... | $ 15 |
| Transcript of evidence............... | 110 |
| Printing of brief... .................. | 25 |
| Total ................ | $150 |

COSTS TAXED.

Costs retaxed January 11, 1927.

ON OBJECTIONS TO COST BILL.

(252 Pac. 84.)

8–10. This matter comes on to be heard on objections to the cost bill of the defendant. An opinion was rendered on December 28, 1926, in which the costs were taxed. The objections were filed on the following day, December 29th. On November 23, 1926, defendant presented a motion to recall the mandate and for permission to file the cost bill. The effect of the opinion rendered in this case on December 28, 1926, was to permit defendant to file the cost bill. The objections to the cost bill were therefore made within five days from the date the cost bill was properly filed, that is, on December 28, 1926. The order based upon the opinion of December 28, 1926, has not been sent down. The court therefore has jurisdiction to consider the objections to the cost bill. The only objection is to the item of $110 for transcript of evidence which defendant claims. The plaintiff claims that there are only 200 folios and the charge therefor should be only $30. The transcript consists of 200 pages of testimony, averaging 2½ folios to the page. The aggregate of folios is 500, amounting to $75. The order of December 28, 1926, will be amended, therefore, so as to tax the costs as follows:

| | |
|---|---:|
| Attorney's fees | $ 15.00 |
| Transcript of evidence | 75.00 |
| Printing of brief | 25.00 |
| Total | $115.00 |

COSTS RETAXED.