Argued April 25; affirmed May 16; rehearing denied June 6, 1944

# HOTELLING *v.* WALTHER

### (148 P. (2d) 933)

Before BAILEY, Chief Justice, and BELT, LUSK, BRAND and HAY, Associate Justices.

*John F. Conway,* of Portland (Henry G. Kreis, of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

LUSK, J.

This is an action for malpractice. The plaintiff has appealed from an adverse judgment based on the verdict of a jury, which found in effect that the action was barred by the statute of limitations. There had been a previous trial, which resulted in a judgment of involuntary nonsuit on the ground that the statute of limitations had run. The court below set aside that judgment and granted a new trial, and on appeal to this court its action was sustained. We held that the tort alleged was a continuing one and that "the statute runs from the last date of the continuous negligent treatment": 169 Or. 559, 565, 130 P. (2d) 944, 144 A. L. R. 205.

Under this ruling the issue (properly presented by the pleadings) whether the action was barred by the statute of limitations became, upon the second trial, a question of fact. The action was commenced on

September 30, 1940. The complaint alleged negligent treatment by the defendant, a dentist, which commenced in July, 1938, and continued until sometime in October, 1939. The answer alleged that all the dental work was performed more than two years prior to the commencement of the action. The parties are agreed that the two years' statute of limitations is applicable. The court charged the jury that if the defendant did not treat the plaintiff on or after September 30, 1938, the action was barred by the statute of limitations. The court also submitted to the jury a special verdict upon this question, and the jury specially found that the defendant did not treat the plaintiff on September 30, 1938, or at any time thereafter, and, based on the special verdict found generally for the defendant.

Counsel for the plaintiff did not request the court to withdraw the issue of the statute of limitations from the consideration of the jury, nor except to the court's charge upon the subject, nor object to the submission of the special verdict, nor in any other way suggest to the court that the evidence in support of the plea of the statute of limitations was legally insufficient. So far as the record discloses, the plaintiff was content to have the jury pass upon that question.

Now, on appeal to this court, for the first time it is argued that the evidence that the action is barred is insufficient, that it was error to submit that issue to the jury, and that we should take notice of the error under Rule 2 of the Rules of the Supreme Court, which reads in part as follows:

"No alleged error of the circuit court will be considered by this court unless regularly presented in the assignments of error contained in the ap-

pellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record."

Rule 2 is a revision of former Rule 12, which read:

"On the hearing in this court, no questions will be examined or considered at the instance of appellant, except those going to the jurisdiction of the court, or when the pleading does not state sufficient to constitute a cause of action or defense, or those arising upon the assignments of error as contained in the printed brief. The court reserves the right in furtherance of justice to notice on its own initiative a plain error of law apparent on the face of the record." (See 154 Or. 695)

■■ Although the language of the present rule differs somewhat from its predecessor, we think that there has been no substantial change in meaning, and that we should not undertake in actions at law to pass upon questions which were never presented to the trial judge, unless we are convinced both that manifest error has been committed and that to notice such error is in furtherance of justice. Where the point is dubious and requires argument to demonstrate it, we think that it cannot be said that there is plain error apparent on the face of the record. With respect to the instant case, we deem it sufficient to say that the question whether the plea of the statute of limitations is supported by the evidence is a close one and that it would not be palpable error to hold that it was sufficient. Nor are we able to say, on the record before us, that it would be in furtherance of justice to notice the alleged error, for the only evidence that has been brought to this court by the bill of exceptions is that given by the defendant on the issue of the statute of limitations. The certificate appended to the bill

of exceptions recites that the plaintiff presented evidence tending to prove all the allegations of the complaint, and that the defendant presented the evidence both of himself and other witnesses in support of the general denial in the answer. For all that appears, the plaintiff's case, though sufficient to go to the jury, may have been entirely lacking in merit. We are not to be understood as saying that that is the fact, but there is nothing before us to the contrary.

■ Counsel for the plaintiff, upon the argument, cited the recent case of *Kuhnhausen v. Stadelman, ante* p. 290, 148 P. (2d) 239, decided April 11, 1944. That was an action for malicious prosecution. We reversed a judgment for the plaintiff because of an error in instructions to which no exception was taken. The palpable character of the error appeared from a mere reading of the instructions, for the judge in his charge gave the correct rule of law, as firmly established in the decisions of this court, and then, in effect, informed the jury that he had a personal opinion on the question, which he procceded to state. In noticing the error, we said, among other things, "that an exception would not have served one of its main purposes, which is to afford the court an opportunity to correct its error." The reason for this observation was that the trial judge had, in substance, stated that his personal opinion as to the law differed from the law as announced by this court. In view of these somewhat novel conditions, it was not to be expected that the taking of an exception would induce a correction in the instructions. It is only in rare and exceptional cases that this court will notice an alleged error where no ruling has been sought from the trial judge. *Kuhnhausen v. Stadel-*

*man,* supra, was such a case; but this, we think, is not; and we, therefore, decline to examine the question sought to be presented.

The only other ground of reversal urged is, as stated in plaintiff's brief, that "the court erred in failing to give the following requested instruction":

> "That evidence is to be estimated, not by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and the other to contradict and therefore that if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the defendant to produce, the evidence offered by the defendant should be viewed with distrust."

The bill of exceptions shows that the plaintiff submitted the following request to the court:

> "Comes now the plaintiff and at the close of testimony and after all parties have rested, and respectfully requests the court to instruct the jury as follows:
> "A. Usual statutory instructions.
> "Section 2-1001 O. C. L. A.",

and that "The court gave some of said statutory instructions, but did not give the following statutory instructions, nor any modification thereof" (then follows the instruction above set out).

■ The assignment of error might be adequately disposed of by pointing out that, as the bill of exceptions shows, the so-called "requested instruction" was never requested at all. The plaintiff asked the court to give "the usual statutory instructions". The statutory instruction on the subject of weaker and less satisfactory evidence speaks of evidence within the power

of "the party" to produce, whereas the instruction which the brief erroneously says was requested is limited to evidence within the power of "the defendant" to produce. Assuming that the request actually made was effectual for any purpose, it did not call upon the trial judge to depart in any manner from the exact language of the statute. We think, however, that the request was wholly insufficient.

■ The rule respecting requested instructions to which this court has given approval is thus stated in 1 Blashfield's Instructions to Juries (2d ed.), p. 402, § 175:

"In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct both in form and substance, and such that the court might give to the jury without modification or omission. If the instruction, as requested, is objectionable in any respect, its refusal is not error". (Quoted in *Sorenson v. Kribs*, 82 Or. 130, 143, 161 P. 405.)

We do not know, and we suspect that the trial judge was equally in the dark, as to what was meant by "the usual statutory instructions". Ten instructions are enumerated in the seven subdivisions of § 2-1001, *id.* That statute requires that they be given "on all proper occasions". If this was intended to be a request that all of them be given, it was clearly erroneous, because some are applicable only in criminal cases. If it was intended as a request for those instructions only which are applicable in civil cases, it still may have been erroneous, for one of the statutory instructions is that the oral admissions of a party ought to be viewed with caution, and there is nothing in the record before us which discloses that either party made any

oral admissions. Some of these instructions no doubt are given in every case, for example, the first, which provides that the jury's power of judging of the effect of the evidence is not arbitrary, but to be exercised with legal discretion and in conformity with the rules of evidence. There are others, however, among them the instruction as to weaker and less satisfactory evidence, which may properly be given in those cases only where a basis for them is found in the evidence— a question not always easy to determine. To instruct upon that subject in a case where the instruction is not applicable is ground for a new trial: *Fitze v. American-Hawaiian Steamship Co.,* 167 Or. 439, 117 P. (2d) 825.

■ That being so, if the plaintiff deemed the instruction in question proper and desirable, he should have made known his wish to the court by a specific request, distinctly setting forth the instruction. The trial judge, no matter how competent and learned he may be, is not as a rule clairvoyant. He is not expected to divine counsel's unexpressed thoughts about the law nor to speculate upon the meaning of a cryptic request for instructions such as that under consideration.

■ It remains only to say that, notwithstanding the mandate of § 2-1001, *id.,* that the instructions there set forth be given on all proper occasions, failure to give the instruction as to weaker and less satisfactory evidence is not reversible error unless the instruction is requested and refused: *State v. Chase,* 106 Or. 263, 211 P. 920. The like ruling has been made in the case of the failure of the trial court to instruct the jury that the testimony of an accomplice ought to be viewed with distrust; *State v. Edmunson,* 120 Or. 297, 302, 249 P. 1098, 251 P. 763, 252 P. 84; *State v. Keelen,* 106 Or. 331,

338, 211 P. 924. See, also, *Fitze v. American-Hawaiian Steamship Co.,* 167 Or. at p. 449.

The recent case of *Williams v. Ragan, ante* p. 328, 143 P. (2d) 209, cited by the plaintiff, is not authority for any different view. In that case we construed Ch. 257, Oregon Laws, 1941, which effected a radical change in the practice governing the taking of exceptions on the trial. Among other things, it was there said:

"We think that these changes have been adopted in the interest of a simplified practice, upon the assumption that when upon the trial a party has asked for a ruling, either by a request for an instruction, or by offering or objecting to evidence, or moving to strike evidence, or in any other way, and the ruling is adverse, his dissatisfaction is manifested to the trial judge without the use of the formula 'I except', and likewise the trial judge is sufficiently advised of such party's position upon the question in controversy."

As the foregoing language indicates, the law pertaining to requested instructions remains unchanged. It is still the rule that such requests must be specific, and accurate in form and substance. Dragnet requests of the kind under consideration do not conform to the rule and may properly be ignored by the trial judge. A practice which would permit error to be predicated upon the refusal of such a request, or some portion of it, could well prove to be a trap both for the court and the opposing party.

Finding no reversible error in the record, the judgment is affirmed.