## ANDERSON v. UNITED STATES.
### No. 11092.

Circuit Court of Appeals, Ninth Circuit.

Sept. 26, 1946.

R. E. Robertson, H. D. Stabler, and M. G. Monagle, all of Juneau, Alaska, for appellant.

P. J. Gilmore, Jr., U. S. Atty., and Robert Boochever, Asst. U. S. Atty., both of Juneau, Alaska, for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment sentencing appellant upon a verdict finding appellant guilty of causing the transportation of a 17 year old girl from Seattle to Sitka, Alaska for employment as a prostitute in a house of prostitution of which appellant was the proprietress, in violation of the White Slave Traffic Act, § 2, 18 U.S.C.A. § 398.

There is evidence warranting the jury's verdict. As necessary in such cases the prosecution's major testimony was given by prostitutes. The principal witness had been a half partner of appellant in the business of her house. She testified that appellant employed her as appellant's agent to procure three girls in the United States to be transported to Sitka, Alaska, there to become prostitutes in appellant's house and that she so employed three girls who started from Seattle, Washington on the trip to Alaska. All three reached Alaska. Only

the girl of the charge of the indictment reached appellant's house and became employed there. The procuress' witness had been convicted of violating the White Slave Traffic Act in connection with the transportation of the same girl. It was stated on the hearing that she was waiting sentence at the time she testified in the instant case and this was not denied by appellee's counsel. Without the testimony of this accomplice procuress it is doubtful whether the jury would have convicted appellant.

Congress by the Act of March 30, 1899 enacted for criminal trials in the Territory of Alaska the following statute concerning the testimony of an accomplice:

"The jury * * * are, however, to be instructed by the court on all proper occasions:

* * * * * *

"Fourth. That the testimony of an accomplice ought to be viewed with distrust and the oral admissions of a party with caution. * * *" Section 4263, C.L.A. 1933.

This statute was taken from the laws of Oregon. Carter's Alaska Annotated Codes, section 673, pp. 283, 284.

 The court failed so to instruct the jury and no equivalent instruction was given. Appellant claims it is mandatory on the court to give the instruction. We agree. If any be one of the "proper occasions" to instruct the jury to view the testimony of an accomplice with distrust, such an occasion is that of the testifying of this procuress. Appellee claims that there was no adequate exception to the failure to give the instruction, but we regard the appellant's contention as within the principles established in Giles v. United States, 9 Cir., 144 F.2d 860, 861, and Marco v. United States, 9 Cir., 26 F.2d 315, 316.

 Appellee contends that because Congress adopted the Oregon statute, we are bound by the decisions of the Supreme Court of Oregon interpreting it and cites two decisions of that court holding that it is not error to fail to give the instruction in the absence of its being called to the court's attention. State v. Edmondson, 1926, 120 Or. 297, 249 P. 1098, 1099, 251 P. 763, 252 P. 84, State v. Keelen, 1923, 106 Or. 331, 211 P. 924. Both these Oregon decisions were rendered subsequent to 1899 when the statute was enacted for Alaska. This court in an appeal from Alaska, following Supreme Court decisions, has held that we are not bound by such subsequent Oregon decisions on statutes copied from the statutes of Oregon. New York Alaska Gold Dredging Co. v. Walbridge, 9 Cir., 38 F.2d 199, 204, Stutsman County v. Wallace, 148 U.S. 293, 312, 12 S.Ct. 227, 35 L.Ed. 1018.

Another assignment of error was the refusal to continue the trial to hear the testimony of claimed reputable witnesses as to the declared hostility of the procuress witness against appellant. A strong argument was made showing an abuse of the judge's discretion, but in view of the necessary reversal we need not determine the validity of the assignment.

Other assignments of error we consider without merit.

The judgment is reversed.