Argued September 13, judgment modified and cause remanded
December 20, 1977

HARRIS, *Respondent,*
*v.*
CHALET CAR COMPANY, INC. et al,
*Appellants.*
(No. 93201, SC 24739)

572 P2d 623

Marvin J. Hollingsworth, Portland, argued the cause and filed the brief for appellants.

Steven M. Rose, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, Tongue, Howell, Justices, and Gillette, Justice Pro Tempore.

PER CURIAM.

## PER CURIAM.

In this action filed pursuant to the Oregon Unlawful Trade Practices Law, ORS 646.605 and following, plaintiff was awarded compensatory and punitive damages against all defendants and they appeal. We affirm except for the award of punitive damages against the defendant Time Finance Co.

Plaintiff purchased a used car from the defendant Chalet Car Company and its salesman, defendant John Sanseri. The car company assigned the installment contract of purchase to the defendant Time Finance, to whom plaintiff made payments. Plaintiff alleged the car company and salesman misrepresented the condition of the car.

■ Defendants' precise contentions are difficult to discover. Defendants assigned as error the trial court's failure to grant their motions for a nonsuit which we infer were made on the ground that there was no evidence of a misrepresentation. There was such evidence and the trial court properly denied the motion.

The defendants also contend for a variety of reasons that punitive damages could not be awarded. This issue was not properly raised at trial or properly assigned as error on appeal and will not be considered except as to the defendant Time Finance.

■ The plaintiff did not seek to recover punitive damages against Time Finance. The verdict form she submitted did not provide for an award of punitive damages against Time Finance; however, the trial court submitted a verdict form which did permit the jury to assess punitive damages against Time Finance.

The complaint alleges that the defendants, the car company and Sanseri, made fraudulent representations maliciously and, therefore, plaintiff is entitled to punitive damages. The plaintiff, however, does not

allege that the defendant Time Finance directly or vicariously made any misrepresentations.

Under these circumstances, we are of the opinion that that part of the judgment awarding judgment for punitive damages against Time Finance was an error of law "apparent on the face of the record." Rule 7.19, Rules of Procedure of the Supreme Court and Court of Appeals. Cf. *Hotelling v. Walther,* 174 Or 381, 384, 148 P2d 933 (1944). That part of the judgment is stricken.

The judgment is modified and the cause is remanded to delete that part of the judgment awarding punitive damages against Time Finance.