DEHOOG, P. J.
*370 Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894, and first-degree failure to appear, ORS 162.205. Defendant assigns error to the trial court's ruling that, because defendant had signed a conditional release agreement providing that the court could hold a hearing without him if he failed to appear as required, it was permissible for the court to proceed with an omnibus hearing when, in fact, defendant failed to appear. We conclude that the argument that defendant now seeks to raise is not preserved for appeal, and we decline to exercise our discretion to review the trial court's ruling as plain error. We therefore affirm.
The facts relevant to defendant's appeal are procedural and undisputed. Defendant was charged with unlawful possession of methamphetamine, ORS 475.894, and unlawful delivery of methamphetamine, ORS 475.890.[1] The trial court scheduled an omnibus hearing for January 11, 2016, at which it would consider both defendant's motion to suppress evidence and the state's motion to introduce his statements to the police. After defendant failed to appear for the scheduled hearing, the court issued a bench warrant.
When defendant voluntarily appeared before the trial court a few days later, the court rescheduled the omnibus hearing for January 25, 2016. The court withdrew its bench warrant and required defendant to execute a new release agreement setting forth defendant's new hearing date and various conditions of release. Defendant's agreement included the following terms:
"I also acknowledge that if I violate ANY conditions of this agreement, a warrant could be issued for my arrest and I may be prosecuted for Contempt of Court or the crime of Failure to Appear. I ALSO UNDERSTAND THAT FAILURE TO APPEAR AT THE TIME SET FOR A SCHEDULED HEARING OR TRIAL MAY RESULT IN THE HEARING OR TRIAL BEING HELD IN MY ABSENCE. "
*371 (Boldface and capitalization in original.) The release agreement at issue on appeal was the third such agreement that defendant *213 had signed in this case, each of which had contained the language set forth above.
Despite having signed for the new hearing date, defendant failed to appear for the rescheduled omnibus hearing. The trial court proceeded to schedule a trial date for defendant, then asked the parties if they also wanted to proceed with the omnibus hearing. The court explained its understanding that "there is some authority that says the State can go forward with the Omni issues, even if the Defendant doesn't show." The state did not object to proceeding. Defense counsel, however, did object, stating:
"I-at this point, I would-I would oppose because I think for the Omni, I need my client's testimony-
"* * * * *
"-because that's part of the issue. So-I mean, what I would propose it-if he comes into custody and still wants a Jury Trial, would be to reset the, you know, Trial and Omni when he's in custody."
The court asked defense counsel whether there was legal authority prohibiting it from going forward with the omnibus hearing given the language of defendant's release agreement. Counsel responded, "I don't have anything off the top of my head, Your Honor." After briefly going off the record to review some notes that it had on the subject, the court returned with its conclusion that it could lawfully proceed.
Upon receiving the trial court's ruling, defense counsel withdrew defendant's request for an omnibus hearing, indicating that there was no source other than defendant for testimony that counsel would need for the hearing. Defense counsel advised the court, "So, at this point, I'm just going to withdraw the request, and see, when [my] client gets picked up, where we're at at that point."
Approximately 20 minutes after that exchange, defendant arrived for his hearing.[2] Rather than taking *372 up the omnibus hearing at that time, the trial court told defendant that, when he had failed to appear as required, it had revoked his release agreement, issued a warrant for his arrest, and rescheduled his trial. The court further explained to defendant that his attorney had withdrawn his request for an omnibus hearing. The court then proceeded to arraign defendant on a charge of first-degree failure to appear, ORS 162.205, arising from his absence at the originally scheduled omnibus hearing on January 11. Finally, the court consolidated defendant's two cases for trial. As the court was addressing those procedural matters, it twice explained that there would be no omnibus hearing because defense counsel had withdrawn the request for a hearing. Neither defendant nor his attorney objected or renewed the request for an omnibus hearing at that or any other time.
On appeal, defendant assigns error to the trial court's ruling that it could proceed with the omnibus hearing in his absence. Defendant contends that the trial court erred because it was his statutory and constitutional right to be present, and the purported waiver of that right-the release agreement that he had executed-could not legally have had that effect. More specifically, defendant argues that his signature on the document was an insufficient basis on which to find that he had both known the rights that he was waiving and understood the risks of waiving them. In response, the state argues that defendant failed to preserve that issue for appeal and that, to the extent that the trial court may plainly have erred, we should not exercise our discretion to correct the error.
As the state correctly notes, we typically will not consider claims of error that were not raised in the trial court. State v. Walker , 350 Or 540, 548, 258 P.3d 1228 (2011). Issue preservation is a practical rule and close calls " 'turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served.' " Id. (quoting State v. Parkins , 346 Or 333, 341, 211 P.3d 262 (2009) ). Those policies include giving the trial court an opportunity to consider and rule on an issue-thereby possibly avoiding an error and obviating *373 the need for an appeal-and promoting fairness to opposing parties. Id. It has often been noted that, for *214 purposes of preserving error, it is essential to raise the relevant issue in the trial court, while less important to make a specific argument or identify a specific legal source in support of that argument. State v. Stevens , 328 Or 116, 122, 970 P.2d 215 (1998) (citing State v. Hitz , 307 Or 183, 188, 766 P.2d 373 (1988) ); cf. State v. Wyatt , 331 Or 335, 343, 15 P.3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.").
In this case, we conclude that the policies underlying the preservation rule have not been served; as a result, the issue defendant seeks to raise on appeal is not preserved. In arguing otherwise, defendant notes that, in the trial court, his attorney objected to the court's decision to proceed with the omnibus hearing in defendant's absence. That objection, however, was based solely on defense counsel's need for defendant's testimony at the hearing. Defendant's attorney never suggested that it was defendant's statutory and constitutional right to be present for the hearing despite his failure to appear for it, nor did he contend that the written agreement was an insufficient basis on which to find that he had knowingly waived that right. Because it focused solely on defense counsel's inability to proceed without defendant's testimony, counsel's argument to the trial court would not, by itself, have put the court or the state on notice of the arguments that defendant now raises on appeal. Defendant's objection, therefore, did not serve the purposes underlying the preservation requirement. Moreover, although defendant observes that both the court and the state were clearly aware that proceeding without him could raise an issue for appeal, defendant does not argue that they would have understood the need to consider the arguments that he makes to us: that he had a right to be present and that it was error for the trial court to conclude that his signature on the release agreement constituted a waiver of that right. Under those circumstances, defendant did not adequately preserve the issue he now seeks to raise on appeal.
*374 Having reached that conclusion, we turn to defendant's alternative argument, which is that, to the extent we may conclude that his issue is not preserved for appeal, we should exercise our discretion to review it as plain error. As defendant correctly observes, we can review an unpreserved error if (1) the error is one of law, (2) the error is apparent, meaning the legal point is obvious and not reasonably in dispute, and (3) the error appears on the record, such that we need not go outside the record or choose between competing inferences to find it. State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990) ; see also ORAP 5.45(1). Assuming an error meets those requirements, we must then decide whether to exercise our discretion to consider it. Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382, 823 P.2d 956 (1991). The nonexclusive factors for us to consider in deciding whether to exercise that discretion are
"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the trial court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way * * *."
Id. at 382 n 6, 823 P.2d 956. The Supreme Court has cautioned that a court's decision to reach an unpreserved issue as plain error must be made "with utmost caution," id. at 382, 823 P.2d 956, and should be reserved for " 'rare and exceptional cases[,]' " State v. Gornick , 340 Or 160, 166, 130 P.3d 780 (2006) (quoting Hotelling v. Walther , 174 Or 381, 385-86, 148 P.2d 933 (1944) ).
Here, it is not necessary to determine whether defendant has established that the trial court plainly erred, because we conclude that the gravity of any such error would not warrant our exercising our discretion to correct it. In defendant's view, the error was grave because the court's ruling cost him the opportunity to argue his motion to suppress. And, defendant observes, after losing that opportunity to argue a "potentially dispositive motion," he was convicted of possessing the very evidence he had sought to suppress.
*215 In response, the state argues that the record does not support defendant's reasoning. We agree with the state. Although the court's ruling led counsel to withdraw defendant's motion rather than proceed without his testimony, *375 counsel expressly noted that he might revisit the issue if defendant were to resurface. Yet, when defendant appeared shortly thereafter, counsel did not seek to renew his motion, despite the court's clarification then-and once again at the start of trial-that there were no longer any pending omnibus issues. Given that the trial court had never foreclosed all possibility of taking up those matters at a later time, defendant could have at least asked to renew his motion to suppress if he still wanted to be heard. He did not. In light of that course of events, we are not persuaded that defendant lost all opportunity to argue his motion to suppress as a result of the trial court's decision that it would proceed with the omnibus hearing on January 25. And, as a consequence, defendant has not demonstrated to us that this is a rare and exceptional case that warrants plain error review. Accordingly, we affirm.[3]
Affirmed.

The trial court granted a judgment of acquittal on the charge of unlawful delivery of methamphetamine. That charge is not at issue on appeal.

The hearing was set to begin at 10:30 a.m., the court ruled that it would continue without defendant at 10:46 a.m., and defendant appeared at 11:07 a.m.

Although we decline to review defendant's challenge to the enforcement of the waiver condition of his release agreement, we express no opinion on the validity of such terms. We note, however, that the legislature has recently amended the statutory release provisions found at ORS 135.230 to 135.290 in a manner touching on that subject. See Or. Laws 2018, ch. 37, §§ 3-4 (providing that a "court may not condition a defendant's release on the defendant's waiver of appearance in person at trial").