770 February 14, 2024 No. 105

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. M. M., aka K. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M.,
*Appellant.*

Umatilla County Circuit Court
22JU04922; A181992

Eva J. Temple, Judge.

Submitted January 10, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Father appeals an order denying his motion to dismiss dependency jurisdiction of his child, K, a motion that was filed less than three weeks after the juvenile court asserted dependency jurisdiction over K. The juvenile court denied the motion without reaching the merits when father failed to personally appear for the hearing. Father argues that the court erred in doing so and, alternatively, that father's trial counsel provided constitutionally inadequate assistance by failing to argue that the hearing should proceed. The state concedes that it was error for the court to deny the motion on the basis that it did, but argues that we should nonetheless affirm.

Even assuming *arguendo* that father did not invite the alleged error, he certainly failed to preserve his claim of error. Review of unpreserved claims of error is limited to discretionary plain-error review. ORAP 5.45(1); *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). Father has not requested or addressed the requirements for plain-error review. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so ***."). Nor is it apparent why this would be an appropriate case to exercise our discretion, particularly when father was free to file another motion to dismiss anytime, as father's counsel acknowledged to the juvenile court. *Cf. State v. Nordholm*, 293 Or App 369, 374-75, 427 P3d 211 (2018) (declining to exercise discretion because any error in holding a pretrial evidentiary hearing without the defendant present was not grave as the defendant could have renewed his pretrial objections). We therefore reject father's challenge to the denial of his motion to dismiss.

As for the alleged inadequacy of father's trial counsel, even assuming *arguendo* that father's claim is procedurally viable and that father's counsel provided constitutionally inadequate assistance by failing to argue that the hearing should proceed in father's absence, father has not shown prejudice. *See Dept. of Human Services v. T. L.*, 358 Or 679, 702, 369 P3d 1159 (2016) ("To be entitled to relief, a parent must show not only that trial counsel was inadequate,

but also that the inadequacy prejudiced the parent's rights to the extent that the merits of the juvenile court's decision are called into serious question."). Father's summary assertion of prejudice is insufficient under the circumstances. *See McMillan v. Kelly*, 304 Or App 299, 328, 467 P3d 791 (2020) (declining to consider an undeveloped argument that petitioner's appellate counsel's performance caused petitioner prejudice) (citing *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003)).

Affirmed.