No. 819     September 17, 2025     481

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDRE LAMON HAYES,
*Defendant-Appellant.*

Beaverton Municipal Court
2211474; A181823

Zohra Bakhtary Tourville, Judge.

Argued and submitted April 2, 2025.

Peter G. Klym, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for resisting arrest, ORS 162.315. In a single assignment of error, defendant argues that the trial court plainly erred by failing to instruct the jury on the definition of "physical injury." We conclude that even if the failure to give that jury instruction was plain error, we would not exercise our discretion to correct it in these circumstances. Accordingly, we affirm.

The relevant facts are few. The state charged defendant with resisting arrest after three officers told defendant he was under arrest and defendant stepped in between the officers, grabbed hold of a tree, and continued to "pull away" from the officers as they tried to put his hands behind his back. The officers performed a "controlled takedown" to effectuate the arrest, resulting in defendant and the officers landing on the ground, at which point the officers were able to handcuff defendant.

Under ORS 162.315(1), the state was required to prove that defendant "intentionally resist[ed] a person known by the person to be a peace officer *** in making an arrest." ORS 162.315(2)(c) provides that "'[r]esists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person ***." The conduct "does not have to result in actual physical injury to an officer." ORS 162.315(2)(c). The trial court instructed the jury on those elements, as well as on the applicable mental states, but did not instruct the jury on the definition of "physical injury." *See* ORS 161.015(7) ("'Physical injury' means impairment of physical condition or substantial pain."); UCrJI 1044 ("An injury impairs a person's physical condition if it results in a reduction in a person's ability to use the body or a bodily organ or if it results in a reduction in a bodily organ's ability to perform its ordinary function. *** Pain is substantial if it is ample or considerable, and the duration of the pain was not fleeting or inconsequential."). Defendant did not object to those instructions or request an instruction on the definition of "physical injury."

On appeal, defendant argues that the trial court should have, *sua sponte*, instructed the jury on the definition of "physical injury" because that phrase is "an essential element of the crime and has a specific legal meaning different than its ordinary meaning." *See State v. Bistrika*, 261 Or App 710, 728, 322 P3d 583, *rev den*, 356 Or 397 (2014), *cert den*, 577 US 828 (2015) ("Instructional error exists where the instructions give the jury an incomplete and thus inaccurate legal rule to apply to the facts * * *." (Internal quotation marks and citation omitted.)). Defendant acknowledges that his argument is not preserved and that we are limited to plain-error review. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (setting forth requirements for plain-error review); *State v. Dumdei*, 337 Or App 246, 250, 562 P3d 634, *rev den*, 373 Or 736 (2025) ("Generally, issues that are not preserved in the trial court will not be considered on appeal." (Internal quotation marks omitted.)).

It is a matter of discretion whether we will correct a plain error. *Dumdei*, 337 Or App at 250. Whether to exercise our discretion to correct a plain error is a decision to be made "with utmost caution and should be reserved for rare and exceptional cases." *State v. Nordholm*, 293 Or App 369, 374, 427 P3d 211 (2018) (internal quotation marks and citation omitted). That is because "a decision to review a plain error * * * undercuts the policies served by the preservation doctrine." *Vanornum*, 354 Or at 630-31.

In light of those principles and taking into consideration (1) the gravity of the error, (2) fairness to the parties, and (3) the ease with which the error could have been corrected and a retrial avoided had the error been brought to the trial court's attention, we would not exercise our discretion to correct a plain error here.

First, as to the gravity of the error, the evidence at trial included an officer's testimony that defendant pulled his arm away "[hard] [e]nough to pull me around and I'm not a small person"; defendant's testimony that he is "pretty strong, * * * strong enough to pull [the] officers"; an officer's testimony that after defendant and the officers went to the ground defendant's arm was trapped under his body and the officer had to "adjust [his] position to get [defendant's] arm

out"; testimony that two officers had "multiple abrasions" on their hands and knees and that defendant "had some scrapes"; and a video of the incident from one of the officer's body cameras.

Further, defendant's theory of the case was that the state could not prove that defendant intended to resist being taken into custody and that defendant did not threaten violence or use physical force. Nothing about defendant's argument involved the severity or type of physical injury as it pertained to the elements that the state had to prove. In those circumstances, where the state was required to prove that defendant's conduct created a substantial risk of physical injury but was not required to prove that any of the officers suffered any actual physical injuries, we conclude that the likelihood that the error affected the verdict is low. *See State v. Horton*, 327 Or App 256, 264, 535 P3d 338 (2023) (where an error falls on the spectrum of likelihood of having affected the verdict goes to its "gravity" and can be an important consideration to the exercise of discretion (internal quotation marks omitted)).

Second, with respect to fairness to the parties, because defendant did not request an instruction on physical injury, the state was not on notice that the severity or quality of possible physical injury was in dispute. Had the state been on notice, it could have presented more evidence on that issue. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (the policies of preservation "ensure[] fairness to an opposing party, by permitting the opposing party to respond to a contention").

Third, had defendant objected to the instructions or requested an instruction on physical injury at the time of trial, the court could have easily considered it and corrected any error, thus avoiding an unnecessary retrial. *See Dumdei*, 337 Or App at 256 (we would not exercise our discretion to correct the trial court's plain error in failing to instruct the jury on the durational component of substantial pain within the meaning of "physical injury" because the trial court was not given the opportunity to correct the error); *State v. Inman*, 275 Or App 920, 935-36, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016) (identifying the ease with

which any error could have been avoided or corrected as a "significant factor" and noting that "the judicial system has a strong interest" in avoiding a retrial).

In sum, we are not persuaded that, even if the trial court committed plain error, this is a rare and exceptional case that warrants the exercise of our discretion to correct the error.

Affirmed.