STATE, RESPONDENT, *v.* DOUGHERTY, APPELLANT.

(No. 5,464.)

(Submitted September 9, 1924. Decided September 25, 1924.)

[229 Pac. 735.]

*Intoxicating Liquors—Unlawful Sale — Evidence — Interested Witnesses — New Trial — Newly Discovered Evidence — Instructions—Failure to Object to Settlement.*

Appeal and Error—Instructions—Failure to Object on Settlement Bars Review on Appeal.
    1. Error in an instruction not specifically pointed out and excepted to in the trial court cannot be considered on appeal, under subdivision 4, section 11969, Revised Codes of 1921.

Intoxicating Liquors—Interest of Witness in Result of Trial—Evidence—Admissibility.
    2. In determining the credit to be given to the testimony of a witness the jury may take into consideration whether he has any interest in the result of the trial; hence the state was properly permitted to question a witness for defendant in a prosecution for the unlawful sale of intoxicating liquor whether he had quarreled with a witness for the state because he had been instrumental in instituting the prosecution and had sought to influence the officers from enforcing the liquor law.

New Trial—Newly Discovered Evidence—Insufficient Affidavit.
    3. An affidavit in support of a motion for a new trial on the ground of newly discovered evidence which shows that the newly discovered evidence, if produced, would do no more than impeach the credit of a witness for the state, and does not show that the defendant would be able to produce the evidence on a retrial of the action is insufficient to warrant the granting of the motion.

Appeal—Briefs—Error not Argued Deemed Abandoned.
    4. Specifications of error not argued in the brief are deemed abandoned.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

JOHNSON DOUGHERTY was convicted of unlawfully possessing and selling intoxicating liquor, and from the judgment and an order denying his motion for new trial he appeals. Affirmed.

*Mr. Dan J. Heyfron,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. C. N. Davidson* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The defendant in this case was charged with the unlawful possession and the unlawful sale of intoxicating liquor. The information also alleged that defendant had theretofore been convicted of the crime of illegally selling intoxicating liquor. The defendant entered a plea of not guilty, and upon the trial of the case the jury returned a verdict finding him guilty of unlawfully selling intoxicating liquor, and also found that the charge of a previous conviction, as alleged in the information, was true. Upon this verdict a judgment and sentence of fine and imprisonment was pronounced. Defendant moved for a new trial which was denied, and has appealed to this court from the judgment and the order denying his motion for a new trial.

Counsel's first specification of error relates to the giving of [1] the court's instruction No. 1. An examination of the record discloses that no objection to the giving of this instruction was interposed by the defendant in the lower court. Under the provisions of subdivision 4 of section 11969, Revised Codes of 1921, this court is prohibited from reversing a case for any error in instructions not specifically pointed out and excepted to in the court below. Since defendant did not comply with

this statutory provision, we are not in position to consider the error complained of in this instruction.

Complaint is made of the action of the court in admitting **[2]** certain testimony offered by the state for the purpose of showing the interest of a witness, Phares, who testified on behalf of the defendant. One of the state's witnesses, Graham, had testified that he bought the liquor in question from the defendant, and that Phares was with him when he did so. In his testimony Phares disclosed that he was foreman of a gang of men working near Stevensville, in which place the liquor was alleged to have been purchased. He had also testified that he had no interest in the outcome of the case. By testimony, of which defendant does not complain here, Phares on cross-examination had shown that shortly before the trial he had quarreled with Graham because the latter had been instrumental in causing the arrest and prosecution of the defendant, and had stated to Graham that he (Phares) would never report any man for selling whisky. In course of the cross-examination the county attorney asked Phares if he had not made the statement, referring to defendant's selling whisky, "They think they have got him stopped, but he will be in business for a long time," and also whether he had not stated with reference to the business men of Stevensville, "I think it is up to you business men to have the officers lay off on us; if you don't, we will spend our money some place else." Over the objection of the defendant the witness was required to answer these questions, and denied having made either of the statements. The county attorney in rebuttal called a witness who, over objection, testified that Phares had made the statements to him.

In determining the credit to be given to the testimony of a witness it is always competent for the jury to take into consideration whether he has any interest in the result of the trial. Phares had testified that he had no interest in the case. The fact, however, that he had quarreled with Graham because the latter was instrumental in instituting the prosecution of

the defendant and that he had sought to have the officers re-
frain from enforcing the law against the sale of liquor, if true,
were proper matters to be taken into consideration by the jury
in determining his interest or lack of interest in the result
of the trial.   There was no error in admitting this testimony.

The court did not err in overruling defendant's motion for
[3]   a new trial upon the ground of newly discovered evi-
dence.   The affidavit filed in support of this ground of the
motion is insufficient in at least two particulars: (1) It shows
that the newly discovered evidence, if produced at the trial,
would only tend to impeach the credit of one of the state's
witnesses; and (2) it fails to show that the defendant would
be able to produce the evidence upon another trial of the ac-
tion.   (*State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881; *State* v.
*Van Laningham,* 55 Mont. 17, 173 Pac. 795.)

It is further contended that the evidence is not sufficient to
sustain the verdict.   We have carefully reviewed the testimony
given at the trial.   It is in sharp conflict.   We shall not at-
tempt to set it out in detail, since to do so would not serve any
useful purpose.   There was sufficient competent evidence to
justify the jury in arriving at the conclusion which they
reached, and this court cannot disturb their finding.

Other errors specified by defendant are not argued in his
[4]      brief, and are therefore deemed abandoned.

No error appearing in the record, the judgment and order
appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-
LOWAY and GALEN concur.

MR. JUSTICE RANKIN, being disqualified, did not hear
the argument and takes no part in the foregoing decision.