**STEPHENSON v. UNITED STATES.**
No. 13842.

United States Court of Appeals,
Ninth Circuit.
March 25, 1954.

See, also, 110 F.Supp. 623.

Kay, Robison & Moody, Wendell P. Kay, Anchorage, Alaska, for appellant.

Russell R. Hermann, U. S. Atty., Juneau, Alaska, for appellee.

Before BONE, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellant was convicted of receiving eighteen five-gallon cans of coffee, the property of the United States of America, which had been stolen from a base warehouse at Nome, Alaska, with knowledge at the time of its receipt that the property had been stolen.

Joe Tester, a serviceman stationed at Nome Field, Alaska, testified to the effect that he and appellant agreed that Tester should steal the coffee and deliver it to appellant. That, pursuant to said prearranged plan, he, Tester, and a companion, took an Air Force truck and loaded it with coffee taken from the base warehouse and transported the coffee to the Guianna Club by means of said truck and a jeep belonging to appellant, at which point appellant received the coffee. The Guianna Club is the name of a business operated by appellant in the suburbs of the city of Nome, Alaska.

Appellant makes four assignments of error but we conclude that a consideration of the second will suffice. The trial court found that Joe Tester, a witness for the Government, was not an accomplice as a matter of law, and refused to give an instruction to the effect that the testimony of an accomplice should be viewed with distrust.

The authorities are not agreed as to whether the thief is an accomplice of one knowingly receiving stolen property.[1] There is a general rule that he is not. Leon v. State, 1920, 21 Ariz. 418, 189 P. 433, 9 A.L.R. 1393; State v. Gordon, 105 Minn. 217, 117 N.W. 483. The usual test to be applied in determining whether the thief is an accomplice is whether the thief could be convicted of the identical crime for which the defendant is being prosecuted. The reasoning underlying the general rule is that larceny and receiving stolen property are separate crimes, and since the thief cannot be convicted of receiving stolen property from himself, he is not an accomplice.

To the general rule, however, there is increasing recognition of an exception to the effect that where the thief and the receiver of the stolen property enter into an agreement prior to the larceny for one to steal and the other to receive, the thief is an accomplice of the receiver and vice versa. Yeargain v. State, 1935, 57 Okl.Cr. 136, 45 P.2d 1113; State v. Keithley, 1928, 83 Mont. 177, 271 P. 449. The exception is based on the distinction between one who is an accessory both before and after the fact and one who is merely an accessory after the fact. The theory is that the previous arrangement between the thief and receiver amounts in effect to a conspiracy for both the theft and receipt of the stolen property. Under such circumstances the usual test for determining an accomplice is met since the thief and the receiver can be prosecuted for both the theft and receipt of stolen property. See, Aaronson v. United States, 4 Cir., 1949, 175 F.2d 41.

An increasing number of jurisdictions follow the so-called minority view that the thief is an accomplice of one to whom he sells stolen property. People v. Kupperschmidt, 1924, 237 N.Y. 463, 143 N.E. 256, 32 A.L.R. 447; State v. Coroles, 1929, 74 Utah 94, 277 P. 203. The minority view is based either on a statute broadening the definition of principals or the proposition that one may be both a principal and an accomplice by the doing of separate and distinct acts; the thief by the separate act of sale becomes an accomplice of the one who purchases from him, knowing the property to have been stolen.

The logic and reasoning contained in the cases in jurisdictions following the minority rule has considerable appeal in view of the similar broad definition of "principals" contained in § 2, Title 18, U.S.Code, but under the circumstances of this case we find it unnecessary to rely thereon. The facts in the instant case bring it squarely within the exception to the general rule. The evidence, if true, was sufficient to show the existence of a conspiracy between witness Tester and appellant to commit the crimes of larceny and the receipt of stolen property, and thus fix the status of Tester as that of an accomplice so as to require the giving of a cautionary instruction by the trial court. Tester's testimony came from a tainted source and was the character of evidence Congress considered unreliable and sought to protect against by § 58-5-1, A.C.L.A.1949.[2]

The Court did not give an instruction as required by said § 58-5-1, A.C.L.A.1949, nor did appellant request such an instruction or except to the

---

1. For a collection of the cases on the subject see Notes in 9 A.L.R. 1397, 32 A.L.R. 449, and 111 A.L.R. 1398.

2. "They [the jury] are, however, to be instructed by the court on all proper occasions: * * *

"Fourth. That the testimony of an accomplice ought to be viewed with distrust and of the oral admissions of a party with caution. * * * *" § 58-5-1, A.C.L.A.1949, formerly § 4263, C.L.A.1933.

failure of the Court to so instruct. In a prosecution for violation of a law of the United States we held that under Alaskan law it was mandatory on the District Court to instruct as to the manner in which a jury should view the testimony of an accomplice. Anderson v. United States, 9 Cir., 1946, 157 F.2d 429. Subsequent to the trial of the Anderson case, supra, Congress adopted the Federal Rules of Criminal Procedure, 18 U.S.C.A., and made them applicable in Alaska. Appellee argues that the Federal Rules of Criminal Procedure repealed § 58–5–1, A.C.L.A.1949. That section was enacted by Congress in 1900 and governs criminal trials in the Territory of Alaska. 31 Stat. 438–439 (1900). Section 23, Title 48 U.S.C.A., provides in part that " * * * all laws in force in Alaska prior to [August 24, 1912] shall continue in full force and effect until altered, amended, or repealed by Congress or by the [territorial] legislature." Section 58–5–1, A.C.L.A.1949, has not been expressly altered, amended or repealed by either Congress or the territorial legislature. Nor do we find support for the argument that said section was impliedly altered, repealed or amended by the Federal Rules of Criminal Procedure.

■ We find no reference in said rules to the giving of cautionary instructions as to an accomplice's testimony. On the contrary, the Alaska statute, requiring such an instruction, is wholly consistent therewith and deals with a subject outside the scope and coverage of the Federal Rules of Criminal Procedure. In addition, the Federal Rules of Criminal Procedure seem to require the trial court to comply with the Alaska statute.[3]

■■ The requirements of § 58–5–1, A.C.L.A.1949, being still in force and effect in criminal trials in Alaska, the case of Anderson v. United States, 9 Cir., 1946, 157 F.2d 429, is controlling

here. Under the circumstances of this case, the failure of the Court to give the accomplice testimony instruction is such plain error as to impel us to notice it under the provisions of Rule 52(b), Federal Rules of Criminal Procedure, Title 18 U.S.C.A. From a reading of the whole record it affirmatively appears that such failure was highly prejudicial to appellant. Bihn v. United States, 1946, 328 U.S. 633, 66 S.Ct. 1172, 90 L. Ed. 1485. The Government's case rested almost entirely upon the testimony of accomplice Tester, the thief. The jury should have had the benefit of the instruction in order to enable them to properly evaluate that testimony. We cannot say "with fair assurance after pondering all that happened" that the judgment in this case would not have been different had the instruction been given. Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

Judgment reversed.

---

3. **"Procedure not Otherwise Specified.** If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules

or with any applicable statute." Rule 57 (b) Federal Rules of Criminal Procedure, 18 U.S.C.A.