The STATE OF MONTANA, Plaintiff and Respondent, v. CHARLES WIRTANEN, Defendant and Appellant.

No. 10890.
Submitted May 19, 1965. Decided September 10, 1965.
Rehearing denied October 15, 1965.
406 P.2d 376.

Craig Derry (orally), Billings, for appellant.

Forrest H. Anderson, Atty. Gen., and Donald Garrity, Asst. Atty. Gen. (orally), Helena, William J. Speare, County Atty., Harold Hanser (orally), Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

The opinion in this cause issued under the date July 21, 1965, is hereby withdrawn and this opinion substituted therefor.

The defendant, Charles Wirtanen, has appealed from a conviction in the District Court for Yellowstone County of the crime of receiving stolen property.

The State's witnesses at defendant's trial, Roger Dahms and William Jordan, had previously pled guilty and had been sentenced for burglarizing Fran's TV and Appliance Store in Billings. The spoils of their two burglaries, consisting of three transistor radios and two portable television sets, were the same stolen property alleged to have been received by defendant.

Dahms testified that he conversed with defendant in a Billings tavern about selling the stolen property. The burglar told defendant that the "stuff" was stolen and defendant agreed to sell it jointly sharing the proceeds—defendant and burglars would each receive one-third. Dahms further testified that the stolen property was hidden in Jordan's attic and that he took defendant there to see it. However, Jordan was entertaining company in his home, and prudence prevented the exhibition of the stolen property at that time. Later, Dahms and defendant returned to Jordan's home and saw the "stuff." Dahms also testified that defendant, in his presence, telephoned a potential customer in Hardin.

Subsequently, Dahms and Jordan loaded the stolen property into the trunk of Dahms' car and drove to a prearranged place where they met the defendant. Thereafter, the three of them drove to Hardin in Dahms' car.

When they arrived in Hardin defendant told the burglars to wait in a bar while he tried to sell the property instructing them not to try to sell anything. Dahms testified that defendant later found him in a Hardin bar and asked him for the keys to his car, stating he wanted to lock the trunk to protect the property.

Jordan's testimony was substantially the same as that of his partner in crime. Jordan added that defendant told him in Hardin that he was having difficulty getting enough money

for the property, and that he was "going to look around some more."

Subsequently defendant returned to Billings alone leaving the two burglars stranded in Hardin.

In Billings, defendant transferred the stolen property to the trunk of his car and drove to a night club where he attempted to sell it. The owner of the night club testified that defendant approached him about closing time and told him that he had some radios and televisions for sale, and asked him to come out to the car and see them. He testified that he saw the portable television sets in the trunk of defendant's car, at which time he was accompanied by a uniformed merchant policeman whose duty was to escort him home every night. The merchant policeman testified that defendant offered to sell him a transistor radio valued at $50.00 for a mere $10.00. He also testified that defendant stated that "he knew the merchandise was hot and he did not care."

The merchant policeman radioed the Billings police after defendant had driven off. Defendant's car was stopped, the stolen property was found in his trunk, and he was arrested.

Defendant's testimony conflicted with the burglars' statements. Defendant admitted that he attempted to sell the property, but denied having any knowledge that it was stolen. Defendant also denied making the statement that "he knew the property was hot but did not care."

The jury found the defendant guilty of the offense of receiving stolen property, a felony, and the court sentenced him to a term of five years in the state penitentiary.

On this appeal defendant argues that the burglars were accomplices to his crime of receiving stolen property, and therefore the court should have instructed the jury that the burglars' testimony was subject to corroboration, and must be viewed with suspicion. Defendant contends that it was prejudicial error for the court to refuse to give certain instructions and sets forth three specifications of error.

Specification No. 1 is the refusal to give defendant's proposed instruction No. 6, which reads as follows:

"The Court may as a matter of law charge that a witness is an accomplice. If it does not charge him so it may charge as follows: If you find that the witness took part in the commission of the crime, or aided in it with intent to assist in its commission, he was an accomplice. The testimony of an accomplice must be corroborated by other testimonies before you can find the defendant guilty. This corroborative testimony, to be sufficient must of itself tend to connect the defendant with the commission of the crime in such a way as reasonably satisfies the jury that the accomplice is telling the truth."

Specification No. 2 is the court's refusal to give defendant's offered instruction No. 2 which reads:

"The testimony of an accomplice or co-conspirator must be weighed with great care and be scrutinized closely, carefully, and cautiously. This testimony, which is subject to great suspicion, must be viewed with distrust and acted on only after due and careful deliberation.

"The testimony of any accomplice or co-conspirator is testimony from a tainted source."

The trial record reveals that although the court did not grant these offered instructions of the defendant it did give three precautionary instructions, 9, 10 and 20, fully setting forth the status of the two thieves who testified for the State, and there can be no question but what the jury understood their testimony and the weight to be given it.

Specification No. 3 is the refusal of the court to give defendant's Offered Instruction No. 14, which reads as follows:

"You cannot convict the defendant on mere possibilities, surmises, or speculation, however strong they may be. A verdict of guilty based upon mere possibilities or surmises would violate the oath that you jurors have taken. Nor does the law permit you to guess or speculate as to the cause of the commission of the crime, much less as to who may have caused it. Where there are two possible causes for the crime complained

of, for one of which the defendant is not responsible, and the evidence leaves the matter a mere possibility for speculation, surmise or conjecture of the jury as to who was responsible for the crime, then the prosecution has failed to make out a case against the defendant and he must be acquitted."

Inasmuch as the proposed instructions 2 and 6, both offered by the appellant, concern themselves with the law of accomplice they will be discussed and considered together.

Montana has followed the established rule that a thief is not considered an accomplice of the receiver of stolen property, and therefore the testimony of the thief against a defendant charged with the crime of receiving stolen property is not subject to the limitations imposed on the testimony of an accomplice. State v. McKnight, 129 Mont. 8, 281 P.2d 816 (1955); State v. Mercer, 114 Mont. 142, 133 P.2d 358 (1943); State v. Keays, 97 Mont. 404, 34 P.2d 855 (1934). The rule being predicated on the separate offense theory which states that larceny and receiving stolen property are separate and distinct crimes. Our statute, R.C.M.1947, § 94-2721, imposes criminal punishment on "Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal property, knowing the same to have been stolen * * *." In view of this statute, this court has held that the thief cannot participate in the essential element of "receiving" stolen property, because one who steals property cannot receive that property from himself. Therefore, if the thief is guilty of larceny, he is not and cannot be the accomplice of one who is charged with the separate and distinct crime of receiving the stolen property. Furthermore, the general rule that the thief is not the accomplice of the receiver is based not only on the separate offense theory, "but on the fact that his offering or delivering the goods, while an act indispensable to the act of receiving, is its converse or complement and has not been made a crime by the legislature. For that same reason the person performing the converse or complementary act is generally held not the accomplice of the criminal in such crimes as ab-

duction, accepting bribes, receiving bribes [etc.]." State v. Mercer, supra. This view is followed in a majority of jurisdictions: Annotation 53 A.L.R.2d 817, and see Burns v. People, 148 Colo. 245, 365 P.2d 698 (1961).

The foregoing discussion would dispose of defendant's argument if this court had not carved out an exception to the general rule in State v. McKnight, supra. In that case we held that the rule that the thief is not the receiver's accomplice within the statute barring conviction on uncorroborated testimony was too broad, and did not apply where the thief participated with the receiver in other subsequent acts in connection with the crime of receiving stolen property.

On the question of whether the witnesses were accomplices, there are cases in Montana arriving at conflicting views. The first case was State v. Keays, 97 Mont. 404, 405, 34 P.2d 855, (1934). There it was held in a similar fact situation that the receiving of stolen property, knowing it to have been stolen, is a distinct statutory crime from the original larceny of the property, and the party committing the larceny is not the accomplice of the one who received the property knowing it to have been stolen. This court followed this holding in State v. Mercer, supra, (1943), and it was the law of the state for over 20 years.

In 1955 in the case of State v. McKnight, supra, in a cattle stealing case an exception was made, as above set forth, and there the court made the exception without citing either State v. Keays or State v. Mercer, supra. Since that time the matter has been treated in an annotation to Stephenson v. United States, (9th Cir. 1954), 211 F.2d 702, 14 Alaska 603, 53 A.L.R. 2d 812, 827, and reveals the majority view to be that the testimony of a thief against the one charged with receiving the stolen property is not subject to the infirmities attached to accomplice testimony. Nineteen states, and that of the Dominion of Canada, are listed as supporting that view. States in this section of the nation cited in the treatise are California, Utah, Colorado, Arizona, Oklahoma, Iowa, Missouri, and South

Dakota. The author in the note of A.L.R. says the generally-accepted test is whether the witness himself could be indicted for the offense of which the defendant is charged. Using this test, it can readily be seen that one who admits a theft or burglary cannot at the same time be charged with receiving stolen goods knowing them to have been stolen.

We now, therefore, overrule the exception carved out by State v. McKnight, and adhere to the original rule expressed in State v. Keays and State v. Mercer, supra, not only as supporting the majority view, but on more sound reasoning. In view of our holding, the instruction requested in the McKnight case, which this court said should have been given in that case, when requested, concerning the testimony of an accomplice, would have no place in the case before us.

The trial court did not err in refusing to instruct the jury that accomplices' testimony must be corroborated and viewed with suspicion. To hold otherwise would be to grant immunity for the crime of receiving stolen property to every receiver or "fence" who received property, with the knowledge that it was stolen, for the purpose of selling it to others. The receiver is an essential party to such transactions of illicit commerce, and having the upper hand he could always compel the thief to share the proceeds and to accompany him while the sale is made. In every case the thief would be the receiver's accomplice, and few convictions could be procured without his uncorroborated testimony. This court will not establish such a "loophole." It is the receiver, the person who knowingly receives stolen property for his own gain, who encourages larceny by providing a market for thieves. His crime, from the standpoint of society, is as great as that of the thief.

The appellant neither briefed nor argued Specification 3 therefore it must be deemed to have been waived. State v. Straight, 136 Mont. 255, 347 P.2d 482; State v. Dougherty, 71 Mont. 265, 229 P. 735.

However, the matter covered in the proposed instruction was

adequately covered in at least six given instructions and would have been both repetitious and confusing if it had been given.

Judgment affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.