Buddy Leon **GORDON** and Paul Gene Gauwain, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 22068.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1965.

George M. Thurmond, Del Rio, Tex., for appellants.

Wayne F. Speck, Asst. U. S. Atty., Waco, Tex., Ernest Morgan, U. S. Atty., Ted Butler, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM:

Appellants were convicted for violation of the Mann Act, 18 U.S.C.A. § 2421. Two errors assigned on appeal are: (1) whether the district court committed reversible error in refusing to charge the jury that, as a matter of law, one of the witnesses was an accomplice; and (2) whether the district court so erred in allowing the Government, over the objections of appellants, to introduce, argue, and comment upon evidence showing that appellant Gauwain was a married man.

▆ The district court refused to instruct the jury that, as a matter of law, one of the witnesses testifying against appellants was an accomplice.[1] Appellants' contention that this refusal constitutes reversible error is without merit. This court has expressly approved and even required that the trial court leave to the jury the issue of whether a witness was an accomplice.[2] Hull v. United States, 324 F.2d 817, 824 (5th Cir. 1963); Dunn v. United States, 318 F.2d 89, 93 (5th Cir. 1963); Ward v. United States,

---

1. The court instead presented this issue to the jury with the following instructions:

"Now it has been alleged that Sally Bea Wallgren was or could have been an accomplice in the case. An accomplice is one who acts with another person in the commission of a crime, voluntarily and with a common intent. An accomplice does not become incompetent as a witness because of participation in the criminal act charged.

"With this definition in mind, if you find from the evidence that Sally Bea Wallgren was an accomplice, you are instructed that the testimony of an accomplice is to be received with cau-

tion and weighed with great care."
An almost identical charge was upheld by this court in Ward v. United States, 296 F.2d 898 (5th Cir. 1962).

2. In support of their position appellants refer to Dunn v. United States, 318 F.2d 89 (5th Cir. 1963), and Stephenson v. United States, 211 F.2d 702, 14 Alaska 603, 53 A.L.R.2d 812 (9th Cir. 1954). These cases, however, dealt with the refusal of the trial court to caution the jury regarding accomplice testimony. In this case the trial court fully complied with this requirement. See note 1, supra.

296 F.2d 898, 901 (5th Cir. 1962); Phelps v. United States, 252 F.2d 49, 53–54 (5th Cir. 1958). Cf. Bible v. United States, 314 F.2d 106, 108 (9th Cir. 1963), cert. denied, 375 U.S. 862, 84 S.Ct. 131, 11 L.Ed.2d 89 (1963); Joseph v. United States, 286 F.2d 468, 469 (5th Cir. 1960), cert. denied, 372 U.S. 979, 83 S.Ct. 1114, 10 L.Ed.2d 144 (1963).

 We have carefully considered, in the context of the trial, the testimony regarding appellant Gauwain's marital status. We conclude that it was not error at all and certainly not such prejudicial error as would require reversal. See United States v. Grayson, 166 F.2d 863 (2d Cir. 1948).

The judgment is affirmed.