# UNITED STATES

v.

**Airman First Class Craig L. CHENERY, FR 188–54–8388, United States Air Force.**

**ACM 27691.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 March 1989.

Decided 19 Sept. 1989.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain Joseph V. Treanor, III.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

DECISION

LEONARD, Judge:

The appellant was convicted, pursuant to his pleas, of one specification of divers uses of cocaine, one specification of divers uses of marijuana, four specifications of distributing cocaine and one specification of manufacturing crack cocaine. Two errors are asserted by appellant. No merit is found in either one.

I

■ Appellant asserts that Specification 6 (distribution of cocaine on or about 18 November 1988) and Specification 7 (manufacture of crack cocaine on or about 18 November 1988) should be considered multiplicious for sentencing. According to the appellant's providency inquiry, testimony, and the stipulation of fact introduced at the trial, both these offenses occurred on the evening of 18 November 1988. Sergeant Allen Bailey, a friend of the appellant who was a government informant, had contacted the appellant on the previous evening and had asked the appellant to obtain for him one-eighth ounce of cocaine. He had further asked to get some crack cocaine or to "cook" some cocaine into the crack form.

On the 18th of November after the appellant brought his wife home from work, Bailey and the appellant set out looking for cocaine. Enroute Bailey provided appellant $250.00 in marked government funds. After striking out at one location, the appellant found a source. After confirming the availability of cocaine, he and Bailey went inside a home where the appellant gave the source money and received in return a plastic bag containing cocaine. Before leaving, the appellant gave the cocaine to Bailey. Appellant and Bailey then returned to appellant's home to manufacture some crack. He obtained the bag of cocaine back from Bailey and took a portion from the bag to make some crack. He had just finished making some crack by a "cooking" process of mixing cocaine with baking soda and water and heating the mixture when, upon

a signal from Bailey, government agents entered his home with a search warrant. When the agents finished their search, they had found what was subsequently determined by laboratory analysis to be 1.78 grams of cocaine powder in a plastic bag and .91 grams of crack cocaine in a test tube.

In determining questions of multiplicity for sentencing, we first turn to legislative intent. Article 112a, UCMJ, provides the legislative basis for appellant's convictions. Subsection (a) of this article lists seven different types of offenses—wrongful use, possession, manufacture, distribution, importation, exportation and introduction of illegal substances specified in subsection (b) of the article. Cocaine is one of the specified illegal substances. The manufacture offense of Article 112a is based on 21 U.S.C. § 802(14). The distribution offense is based on 21 U.S.C. 802(8), (11). MCM, App. 21, paragraph 37 (1984).

Federal courts considering sentencing multiplicity questions involving 21 U.S.C. 802 have applied a different elements test to determine that the crimes of possessing or possessing with intent to distribute and manufacturing were intended to be separate crimes for punishment purposes. *United States v. Berick*, 710 F.2d 1035 (5th Cir.1983); *United States v. Lewis*, 621 F.2d 1382 (5th Cir.1980). This different elements test of legislative construction, which arises out of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), is incorporated into the 1984 Manual for Courts–Martial as the test for sentencing multiplicity. R.C.M. 1003(c)(1)(C). Under the provisions of MCM, Part IV, paragraphs 37b(3) and (5) 1984, the offenses of distribution and manufacture clearly have different elements and are intended to protect different societal standards. Distribution offenses do not require any manufacturing process or change in the form of the distributed substance. Manufacture offenses do not re-

quire any transfer or distribution of the manufactured substance.

Determining that legislative intent was to create two separate and distinct crimes does not necessarily answer the question of whether the particular offenses committed by appellant are multiplicious for sentencing. We must further examine appellant's offenses to see if they occurred as a single act or transaction or as separate offenses. Offenses occurring as a single act or transaction have a like object and are part of an insistent flow of events. *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971).

Appellant's offenses were not part of an insistent flow of events and had different objects. The distribution offense was completed when the appellant gave the powdered cocaine to Bailey at the source's home. The manufacture offense occurred at a later time, at the appellant's home, when he converted the powdered cocaine to crack, a more potent and a more dangerous form of cocaine.* The offenses were separate in both time and distance and the appellant had plenty of opportunity to reflect and to decide not to commit the additional crime of manufacturing crack at any time after completion of the distribution offense. In fact, when appellant and Bailey returned to appellant's home and found appellant's wife present, appellant considered abandoning the plan to manufacture the crack. Additionally, it does not appear that it was the parties' intent to convert the entire amount of powdered cocaine into crack. Bailey asked the appellant to acquire some crack or to make some from the cocaine they acquired. The mere fact the some of an illegal substance, that is the basis for one offense, is later used in another offense does not conform the offenses into a single act or transaction. *United States v. Issaacs*, 19 M.J. 220 (C.M.A.1985); *United States v. Worden*, 17 M.J. 887 (A.F.C.M.R.1984). There were two separate offenses with different objects that were separated by both time and distance.

---

\* Captain Schaffner, an internal medicine specialist, testified at appellant's trial as an expert witness on the effects of cocaine on the body. It was his opinion that the crack form of cocaine was more dangerous because of it was "essentially pure cocaine" used in a method that "hits the system immediately in a full dose." Record at 80.

The objects were to acquire cocaine and distribute it to Bailey and, if crack cocaine were not available, to separately manufacture some crack cocaine. Therefore, we find the offenses were separate for purposes of punishment.

## II

 The appellant also asserts that his sentence is inappropriate considering all the facts and circumstances of his case. Appellant was, sentenced to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to airman basic. Pursuant to the limitations in a pretrial agreement, the convening authority approved a dishonorable discharge, confinement for four years, forfeiture of all pay and allowances and reduction to airman basic.

At the time of his offenses, the appellant was a noncommissioned officer with over seven years of service. He distributed cocaine on four different occasions to another Air Force member. In the stipulation of fact introduced during his trial and during his providency inquiry, he admitted using cocaine between 30 and 50 times and marijuana between 50 and 100 times over a period of 22 months. He also manufactured some crack cocaine from cocaine in the powder form. MCM, Part IV, paragraph 37e (1984), provides a maximum punishment of 72 years for these offenses. Further, the appellant did not have an unblemished record. During presentencing, the trial counsel introduced evidence from the appellant's personnel records showing that he had received two nonjudicial punishment actions and a letter of reprimand. All these facts and circumstances were known to the court members and the convening authority at the time of sentencing and approval of sentence.

Appellant's counsel now argue that there is a change in circumstances affecting the appropriateness of appellant's sentence. Appellant's counsel represent that appellant's wife is pregnant and that, if the court members had known this, it is very likely that they would not have sentenced the appellant to forfeiture of all pay and allowances.

We find the appellant's sentence appropriate and just for the crimes of which he was convicted and the facts and circumstances of his case. The change in circumstances asserted by appellant's counsel is a matter of clemency, not sentence appropriateness. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988).

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK, concur.