Opinion of the Court

COX, Judge:
We have been asked to determine whether the military judge erred to the substantial prejudice of an accused by refusing to rule that two prosecution witnesses were accomplices as a matter of law. After consideration of the record of trial, appellate briefs, and oral argument[1], we hold *469 that he did not. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).
At appellant’s contested court-martial[2], three civilian witnesses, Mr. C, Ms. R, and Ms. H, testified under grants of immunity that they had either used cocaine with appellant or observed him use it.[3]
The three also testified about their personal knowledge of appellant’s drug involvement. C testified appellant had accompanied him on a cocaine buy in September of 1988 and that they had used cocaine together on divers occasions from September 1988 to April 1989. R testified that she had met appellant through C and had observed him use what she thought was cocaine (the same substance she later used and identified as cocaine). She also testified that, between October 1988 and April 1989, she had observed appellant use cocaine on divers occasions; delivered cocaine to him; and once saw appellant and C “free-base” cocaine. H testified that she had dated appellant during this time and saw him use cocaine three times.
At the conclusion of the presentation of the evidence on the merits, defense counsel asked the military judge to give an accomplice instruction covering the three witnesses (C, R, and H), stating that the three were accomplices as a matter of law. In response, the military judge did instruct the members that C was an accomplice as a matter of law. As to witnesses R and H, the judge balked at giving such an instruction, noting that there was some discrepancy as to whether R and H observed appellant’s cocaine use or participated in that use, as had C. With this in mind, and after sifting through numerous suggested instructions, the military judge left the question of whether R and H were accomplices to the members for their determination as a question of fact.[4]
The Court of Military Review, on May 23, 1991, held that the military judge committed error by instructing the members that they were to decide whether R and H were accomplices. The court found that, while the record established that both R and H were accomplices as a matter of law, failure to instruct as such by the military judge did not prejudice appellant, unpub.op. at 2, so the court affirmed the findings and sentence.
Before this Court, appellant again challenges the correctness of the military judge’s accomplice instruction regarding R and H, asserting that the finding of no prejudice by the Court of Military Review was error. We disagree.
*470 Historically, accomplice testimony has been viewed with suspicion and with a grain of skepticism so as to maintain the fair administration of justice. 7 Wigmore, Evidence § 2057 at 417 (Chadboum rev. 1978); Phelps v. United States, 252 F.2d 49, 52 (5th Cir.1958). See also United States v. Leonard, 494 F.2d 955, 974 (D.C.Cir.1974) (Bazelon, C.J., concurring in part and dissenting in part). Courts have sought to highlight these suspicions by warning factfinders about such testimony through use of an accomplice instruction. Indeed, questions about the credibility of witnesses who are considered accomplices has spurred the need for “careful instructions” on how to interpret such testimony. On Lee v. United States, 343 U.S. 747, 755, 72 S.Ct. 967, 972-73, 96 L.Ed. 1270 (1952); See Cool v. United States, 409 U.S. 100, 103, 93 S.Ct. 354, 356-57, 34 L.Ed.2d 335 (1972); Washington v. Texas, 388 U.S. 14, 22, 87 S.Ct. 1920, 1925, 18 L.Ed.2d 1019 (1967).
This Court has often acknowledged the concern and suspicion accomplice testimony carries with it. United States v. McKinnie, 32 MJ 141 (CMA 1991); United States v. Lett, 16 USCMA 161, 36 CMR 317 (1966). However, we are likewise concerned about the way a judge should instruct regarding accomplice testimony. After careful consideration of the various briefs and the legal authorities relied upon by the parties, we conclude that the position urged by the amicus brief of the University of Dayton School of Law represents the fairest resolution of the case.
Thus we hold that, whenever the evidence raises a reasonable inference that a witness may have been an accomplice or claims to have been an accomplice of the accused, and upon request of either the Government or defense, the military judge shall give the members a cautionary instruction regarding accomplice testimony. First, the members shall be instructed how to determine whether a witness is an accomplice. Second, they shall be given the standard instruction regarding the suspect credibility of accomplice testimony.
We reject the notion that the military judge should “label” a witness an accomplice as a matter of law. There are inherent dangers in such action. After all, the witness who has testified and has been labeled as an accomplice is implicating the accused. Moreover, attaching a label to the testimony implies to the members that the judge believes the witness and that the accused committed a crime. By its very nature, a judge’s instruction labeling a witness an accomplice as a matter of law is spurred by testimony achieving some threshold of believability forcing the judge to warn members.
Members, rather than collating the testimony along with that of other witnesses, then become focused upon the accomplice testimony as highlighted by the judge. The quagmire deepens when the judge instructs that, although the testimony of the witness is believable or credible to the point where an accomplice instruction is necessary, the judge then back-tracks and warns the members that the same testimony must also be considered with great caution. The designation of, or determination that a witness is, an accomplice is unnecessary as a matter of law. Gordon v. United States, 353 F.2d 9 (5th Cir.1965); Phelps v. United States, supra.
We turn to the instructions given in this case. As previously noted, the military judge, at the accused’s request, determined that C was an accomplice as a matter of law and so advised the members. Any error in instructing that C was an accomplice as a matter of law was induced by appellant and therefore waived. As to the two remaining witnesses, R and H, he gave the members the option of determining whether the two were indeed accomplices.[5] We find no error in the instructions as to R and H. See n.4, supra. The funda *471 mental principle that accomplice testimony should be viewed with caution and skepticism was clearly made known to the court members as to all three witnesses. Under these circumstances, we find no error prejudicial to the substantial rights of appellant. Art. 59(a).
The decision of the United States Air Force Court of Military Review is affirmed.
Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.
APPENDIX
You are advised that a witness is an accomplice if he or she was criminally involved in an offense with which the accused is charged. This is potentially a factor specifically affecting the witness’ believability, that is a motive to falsify his or her testimony, in part or in full, because of an obvious self-interest under the circumstances.
For example, an accomplice may be motivated to falsify testimony, in whole or in part, because of his or her own self-interest in receiving immunity from prosecution, or leniency in a forthcoming prosecution.
The testimony of an accomplice, even though it may be apparently corroborated and apparently credible, is of questionable integrity and should be considered by you with great caution.
If any of these named witnesses, that is, Mr. [C], Ms. [R], or Ms. [H], share the criminal intent or purpose of the accused, if any, aided, encouraged, or in any other way, criminally associated or involved himself or herself with the offense of which the accused is charged, he or she would be an accomplice, whose testimony must, as I have cautioned you, be considered with great caution.
More specifically, an individual who uses an illegal substance with another, is an accomplice. An individual who provides or assists in providing an illegal substance that is used, is an accomplice to that use.

Based on the evidence before you, and these definitions, I advise you that on

the evidence before you, Mr. [C] is, as a matter of law, an accomplice.

You, the members, in evaluating the testimony of Ms. [R] and Ms. [H], must determine whether, on a particular occasion, within these definitions, Ms. [R] and/or Ms. [HJ, were accomplices. Additionally, the accused cannot be convicted on the uncorroborated testimony of a purported accomplice, if that testimony is self-contradictory, uncertain, or improbable.
In deciding whether the testimony of any of these named witnesses is self-contradictory, uncertain, or improbable, you must consider it in the light of all the instructions concerning the factors bearing on a witness’ believability, which I will give you shortly.
Under the law, one accomplice cannot corroborate the testimony of another accomplice.
MBR: (Lt Col Nettleship.) I don’t understand that.
MJ: All right. Accomplices to a crime may number more than one. Those accomplices may testify against an individual.
(Lt Col Nettleship shook his head affirmatively.)
The fact that one accomplice’s story matches a second accomplice’s story, does not, under the law, amount to corroboration.
MBR: (Lt Col Nettleship.) Okay.
MJ: Based on the evidence before you, the accomplice’s testimony in this ease is uncorroborated, based on the definition that I’ve just given you.
You’ve heard evidence that Ms. [¶] made a statement prior to trial that is inconsistent with her testimony at this trial. Specifically, she told an agent of the Air Force Office of Special Investigations that she had never seen Captain Gillette use drugs, and that Captain Gillette had never talked about drugs in her presence.
You may consider the inconsistency in evaluating the believability of the testimony of Ms. [H]. You may not, however, *472 consider the evidence of the prior statement as evidence of the truth of the matters contained in that prior statement K is used only on credibility,
(Emphasis added.)

. We heard oral argument in this case at the United States District Courthouse, Dayton, Ohio, on April 22, 1992, without objection from the parties involved. See Foundation of the Federal Bar Association, Equal Justice Under Imw: The Supreme Court in American Life 15-18 (1965); see also D.O’Brien, Storm Center: The Supreme Court in American Politics 78, 135-40 (2d ed. 1990). This procedure is similar to the well-established practice of the United States Court of Appeals for the Eighth Circuit which holds hearings at various law schools within its circuit. The United States Court of Military Appeals conducts hearings such as this outside of its permanent courthouse in Washington, D.C., as part of its "Project Outreach,” a public awareness project which demonstrates not only the operation of a Federal appellate court, but also the quality and effectiveness of the criminal justice system of our Armed Services and the Uniform Code of Military Justice (Arts. 1-146, 10 USC §§ 801-946, respectively). The project exposes students, servicemembers, military and civilian attorneys, and the American public who witness these hearings to a democratic America *469 capable of maintaining an Armed Force instilled with the appropriate discipline to make it a world power and yet afford the members of that Armed Force a fair and impartial justice system which provides to its members the full protection of the United States Constitution and Federal law.
In the past, Project Outreach visits have been made to the various military academies, law schools, and numerous military bases. Additionally, Project Outreach has initiated live television coverage of the Court's hearings. This case represents the first time that this Court has sat at the site of a federal district court. We hope that this greater exposure will impress upon the general public the exemplary system of justice afforded those who choose to serve and defend their country.

. A general court-martial consisting of officer members at Pease Air Force Base, New Hampshire (in its opinion the court below erroneously listed Barksdale Air Force Base as the place of trial and said this was a judge-alone trial), convicted appellant of using cocaine on divers occasions. Art. 112a, UCMJ, 10 USC § 912a. Appellant was also convicted of a 1-day absence without leave terminated by apprehension. Art. 86, UCMJ, 10 USC § 886. He was sentenced to dismissal from the service, confinement for 15 months, and forfeiture of $2,000.00 pay per month for 12 months. The convening authority approved the sentence.

. C and R testified against appellant under grants of testimonial immunity authorized by the United States Department of Justice and given by the United States Air Force. The State of New Hampshire further agreed to drop charges of felony sale of a narcotic pending against C in return for his testimony. Finally, H testified under a grant of testimonial immunity from the State of New Hampshire in return for her testimony against appellant.

. Within the complete instructions on findings, the military judge gave art instruction on accomplices. See Appendix.

. Since both R and H testified to using cocaine at least five times, the defense argues and the Government acknowledges [Answer to Final Brief at 7—applying test of United States v. Scoles, 14 USCMA 14, 33 CMR 226 (1963) ] that they are accomplices as a matter of law.