UNITED STATES

v.

**Master Sergeant Larry L. THORN,
FR378–58–4242, United States
Air Force.**

**ACM 28822 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 April 1990.

Decided 27 Jan. 1993.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Mary C. Yastishock, and Captain David D. Jividen.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Lieutenant Colonel Brenda J. Hollis, Lieutenant Colonel Jeffery T. Infelise, Major Paul H. Blackwell, Jr., Major Morris D. Davis, and Captain Jane M.E. Peterson.

Before LEONARD, JAMES and JOHNSON, Appellate Military Judges.

## OPINION OF THE COURT

## UPON FURTHER REVIEW

JOHNSON, Judge:

Master Sergeant Thorn was convicted of use, distribution, and introduction of methamphetamine into a military installation, use of marijuana and hashish, and impeding a criminal investigation.[1] The case is before us for further review, having been earlier returned for correction of an incomplete exhibit in the record of trial. Appellant argues a number of issues before us, none of which warrants relief.

Appellant was a member of a circle of friends, all noncommissioned officers stationed at Yokota Air Base, Japan, in a communications installation unit. Appellant was senior in grade to the others. During part of the period of his offenses he was the acting first sergeant for his squadron. Over a period of almost 2 years, appellant and his friends gathered regularly at each other's quarters and other locations and used methamphetamine, marijuana, and hashish. Occasionally they put methamphetamine in their coffee at work or inhaled it during their lunch hour. Each of them provided drugs to the others, and once appellant shared a supply of methamphetamine he brought back from a temporary duty trip to Korea. Appellant and one of his friends also used methamphetamine while in Korea. As is so often the case, most of the members of this circle of friends cooperated with investigators and prosecutors once their drug use came to light. Soon after investigation of the group began, appellant sent two letters to the mother of a suspected informer making vague threats if the informant talked to the authorities.

## ARTICLE 32 INVESTIGATING OFFICER

The defense moved at trial for a new pretrial investigation under Article 32, UCMJ, 10 U.S.C. § 832, on the ground that the investigating officer was disqualified from serving by having performed the same function in a related case. Defense counsel conceded there was no *per se* disqualification under Article 32 or R.C.M. 405, but he argued the investigating officer had already formed a conclusion concerning the credibility of a witness who testified in both investigations. The military judge denied the defense motion for a new investigation, and appellant now assigns the denial as error. We find no error.

■ This Court has previously approved the appointment of a single investigating officer in related cases, "so long as the exercise of his functions in one investigation does not impair his impartial consideration of the evidence developed in other investigations." *United States v. Durr,* 47 C.M.R. 622, 631 (A.F.C.M.R.1973). The investigating officer in this case averred he was confident he could serve impartially, and in his report he recommended the one specification in appellant's case that was supported only by the testimony of the witness in question not be referred to trial. While we agree that all authorities involved in the administration of military justice should be careful to avoid any appearance of impropriety, complaints about the impartiality of investigating officers do not warrant relief before us unless there is some indication of actual prejudice. *United States v. Reynolds,* 24 M.J. 261, 263

---

1. Articles 112a and 134, UCMJ.

(C.M.A.1987). There is no indication of any prejudice to appellant in this case.

## SUFFICIENCY OF EVIDENCE

■ Appellant next argues the evidence is legally and factually insufficient to support the findings of guilty. Under Article 66(c), UCMJ, a court of military review has the duty of determining not only the legal sufficiency of the evidence but also its factual sufficiency. The test for the former is whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt. For factual sufficiency, the test is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, the judges of the court of military review are themselves convinced of the accused's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

■ The evidence for the prosecution consisted primarily of the testimony of five of appellant's erstwhile friends and fellow drug users who described appellant's extensive drug use as well as his distribution of methamphetamine and his introduction of it onto Yokota Air Base. One of these witnesses described watching appellant prepare the two threatening letters, and another testified appellant admitted preparing and mailing them. There was considerable overlap of consistent testimony about incidents where more than one of the witnesses were present. The defense case on findings consisted entirely of attacks on the credibility of the government witnesses.

Appellant urges us to find the five prosecution witnesses unworthy of belief. They were themselves drug abusers, and all had records of prior disciplinary infractions. Four senior noncommissioned officers and an officer testified that three of the witnesses were untrustworthy. One had perjured himself in a previous trial by giving exculpatory testimony for another accused. All had made prior statements that were inconsistent in varying degrees. All were awaiting some further disciplinary or clemency action, so they had a reason to curry favor with the authorities. There was no physical evidence to corroborate their testimony, except for the two threatening letters.

On the other hand, the testimony of all five witnesses was consistent in considerable detail concerning many incidents of appellant's drug use, distribution, and introduction into a military installation. Either there was a remarkably complex conspiracy to falsely convict appellant, or the witnesses were telling the truth. There is no indication that any witness had been coached to testify in any certain manner. There is no indication the witnesses got together on their own and agreed on the testimony they would give. All the arguments raised by appellant attacking the credibility of these witnesses were made to the military judge. He obviously found the testimony sufficiently credible to prove appellant's guilt beyond a reasonable doubt. After giving due consideration to the military judge's opportunity to observe the witnesses, we reach the same result.[2]

---

2. This Court has in the past expressed uneasiness about sustaining convictions based "solely upon the testimony of other drug abusers, whose testimony is highly suspect and incredible." *United States v. Ladell*, 30 M.J. 672 (A.F.C.M.R.1990), *quoting* Judge Cox in *United States v. Corbett*, 29 M.J. 253 (C.M.A.1989), *cert. denied*, 493 U.S. 978, 110 S.Ct. 506, 107 L.Ed.2d 508 (1989). Judge Cox has since retreated somewhat from the position he advanced in *Corbett*. *See United States v. Rounds*, 30 M.J. 76, 82 (C.M.A.1990). Drug abusers are not a separate class of witnesses. Their testimony must be weighed using the same tests for credibility as other witnesses. In most cases, they will not do well when tested for good character

or motivation to color their testimony to gain favorable treatment in their own cases. Sometimes they tell the truth, however, and when they are sufficiently corroborated, as in this case, their testimony may constitute proof of guilt beyond a reasonable doubt. In some cases, witnesses who have engaged in drug offenses with the accused may be considered accomplices. When the evidence in a trial before members raises a reasonable inference that a witness may have been an accomplice, the military judge must give a cautionary instruction on accomplice testimony. *United States v. Gillette*, 35 M.J. 468 (C.M.A.1992). There was no occasion for such an instruction in this case, since

## CHARACTER EVIDENCE

During cross-examination of the prosecution witnesses, the defense counsel vigorously attacked their veracity. The prosecution then called an agent of the Air Force Office of Special Investigations (OSI) who was involved in the investigation of drug use by appellant and the witnesses. He described cooperation by two of the witnesses with investigators, and stated, "[I]n terms of credibility, reliability, and trustworthiness ... they're two of the best sources I've worked with in my ten and a half year career." The defense objected to this testimony, and appellant now argues that the military judge's ruling admitting the testimony constitutes prejudicial error.

■ Defense counsel at trial stated two grounds for his objection: (1) the testimony did not qualify as proper opinion evidence under Mil.R.Evid. 701, and (2) "[a]n OSI agent ... engaged in the competitive enterprise of ferreting out crime is not in a position to assist the court with an opinion about one of his sources." [3]

■ The first stated ground for objection is based on the principle that an expert witness may not testify as a "human lie detector" by giving an opinion as to a person's veracity based on the expert's mental health training and experience. *See United States v. Petersen*, 24 M.J. 283 (C.M.A. 1987). In this case, however, the witness claimed no expertise. The incidents described were presented as the foundation for his layman's opinion as to the witness' truthfulness, based on his own experiences with them. The "human lie detector" principle does not apply in these circumstances. *United States v. Toro*, 34 M.J. 506, 513 (A.F.C.M.R.1991), *pet. granted*, 37 M.J. 33 (C.M.A.1992).

■ The second stated ground for objection is nothing more than an argument that the witness was biased. The military judge properly ruled this was a matter that went to the weight of the evidence, and not to its admissibility. He also stated that he regarded the evidence as of "probably rather low weight." We find no abuse of discretion in the military judge's admission of this testimony.

## APPROPRIATENESS OF SENTENCE

Appellant argues his sentence is inappropriately severe. In his reply to the staff judge advocate's recommendation to the convening authority, the trial defense counsel presented information concerning the sentences imposed in 10 other courts-martial that arose from the investigation of drug abuse in appellant's unit. The three next most severe sentences in terms of confinement imposed were for 5, 6, and 7 years. Appellant argues that his sentence is disparate when compared to these related cases.

■ This Court has previously expressed its concern about highly disparate sentences in closely related cases. In *United States v. Kent*, 9 M.J. 836 (A.F.C.M.R.1980), we indicated disparate sentences would be examined closely when (1) there is a direct correlation between each of the accused and their respective offenses, (2) the sentences are highly disparate, and (3) there are no good and cogent reasons for the difference in punishment. *Id.* at 838–839.

This is a narrow exception to the general rule that the appropriateness of an accused's sentence is to be determined without reference or comparison to sentences in

appellant chose to be tried by military judge alone. The military judge is presumed to know the law and apply it properly, especially when assisted, as in this case, by a vigorous defense argument on findings that energetically attacked the credibility of each of the prosecution witnesses.

3. Appellant also argues for the first time on appeal that the agent's description of the two witnesses' assistance to investigators constitutes extrinsic evidence of specific instances of conduct used to prove a character trait, which is inadmissible under Mil.R.Evid. 608(b). Since this objection was not made at trial, it was waived. Mil.R.Evid. 103(a)(1). *See also* R.C.M. 905(e). The parties at trial specifically discussed the agent's description of the cooperation of the two witnesses' assistance to investigators, and all of them treated it as foundation for the agent's opinion evidence. *Cf. United States v. Ohrt*, 28 M.J. 301, 304 (C.M.A.1989).

other cases. *United States v. Olinger*, 12 M.J. 458, 460 (C.M.A.1982). The appropriateness of an accused's sentence must be judged on an individual basis, considering the nature and seriousness of the offense and the character of the offender. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Furthermore, there is no burden on the government to identify and justify differences between the sentences of co-actors. *Olinger*, 12 M.J. at 461 (Cook, J., concurring in the result). The most that can be said is that convening authorities and the courts of military review may elect to consider sentences in related cases in determining sentencing appropriateness. The weight to be given any sentence comparison is a matter for their discretion. *United States v. Ballard*, 20 M.J. 282 (C.M.A.1985); *United States v. Chenery*, 29 M.J. 565 (A.F.C.M.R.1989).

█ Applying these principles to the case at hand, we find that sentence comparison deserves very little weight. The information submitted by defense counsel does not tell us the number or circumstances of the drug offenses of the others convicted. This is not a case where several accused joined in one discrete criminal act. It appears that appellant and the others engaged in multiple drug offenses over a period of several years, sometimes in the presence of each other and sometimes not. There is no information before us from which we can tell whether their conduct was similar. Additionally, appellant was convicted of two specifications of impeding an investigation, which was not the case with the other offenders. He was also convicted of introduction of methamphetamine onto a military installation, and of use of methamphetamine while on temporary duty in Korea, which most of the others were not. His offenses were somewhat related to the others, but not so closely as to support a conclusion that they were convicted of essentially the same misconduct.

Furthermore, there is no great disparity between appellant's sentence to a dishonorable discharge, 10 years confinement, forfeiture of $200 pay per month for 60 months, and reduction to E–1, and the next most severe sentence, which consisted of a dishonorable discharge, 7 years confinement, total forfeitures, and reduction to E–1.

Finally, there are good and cogent reasons for a more severe punishment in appellant's case. Aside from his additional offenses, he was at all times the most senior ranking member of this ring of drug abusers, and he was for part of the relevant period the acting first sergeant of the others. We have almost no information on the presence or absence in the other cases of matters in aggravation or mitigation, but we know appellant is not entitled, as some of the others apparently were, to the benefit of mitigating considerations arising from cooperation with investigators or from pleading guilty at trial.

We have examined the entire record, the convictions, and the sentence, giving due consideration to the characteristics of this offender and to the crimes of which he was convicted. We are satisfied the sentence is not inappropriate. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982); *United States v. Toro*, 34 M.J. 506, 521 (A.F.C.M.R.1991), *pet. granted*, 37 M.J. 33 (C.M.A.1992).

## STAFF JUDGE ADVOCATE'S RECOMMENDATION

█ Appellant assigns as error that the staff judge advocate's recommendation to the convening authority and its addendum commenting on the defense response were legally insufficient to satisfy the requirements of Article 60(d), UCMJ and R.C.M. 1106.[4] The essence of this assignment of

---

**4.** Appellant argues in part, "Neither [of these documents] advised the commander to consider the post-trial submissions of the appellant or that the commander had the right to lessen the sentence or disapprove the findings in his sole discretion." We are at a loss to understand the factual basis for this argument. The SJA recommendation covers both these points explicitly. Its addendum does not repeat the advice that the convening authority must consider the defense submissions. It would be better if the addendum did repeat this advice, but reading

error is that the staff judge advocate should have included in his addendum a detailed discussion of the disparate sentencing argument raised by the defense response.

■ The 1983 amendment to Article 60, UCMJ, implemented in R.C.M. 1106, substituted a concise staff judge advocate's recommendation in place of the former staff judge advocate's "review." This was a significant change in post-trial military justice procedure. The only items now required to be addressed in the staff judge advocate's recommendation are those set out in R.C.M. 1106(d). All other matters are discretionary.[5] Appellant invites us to begin creating additional requirements by judicial decision. This process is inviting in individual cases, but experience tells us that before long so many new requirements would have been added one by one that we would end up with something resembling the old staff judge advocate's review, which was so encrusted with superfluous requirements that either writing or reading one was a largely pointless but painful ordeal.

The driving force behind the development of the encyclopedic staff judge advocate's review was the requirement for the convening authority to approve the findings and to review the record for legal errors. The role of the convening authority is now more limited,[6] and the mandatory contents of the staff judge advocate's recommendation have been greatly reduced.[7]

■ Defense counsel's argument on disparate sentencing was presented in its entirety to the convening authority as an attachment to the addendum to the staff

judge advocate's recommendation. It was entirely up to the discretion of the staff judge advocate as to how—or whether—to comment upon it beyond stating his agreement or disagreement with it. R.C.M. 1106(d)(4); *United States v. Craig,* 28 M.J. 321 (C.M.A.1989). We find no legal error in the treatment of this issue in the staff judge advocate's recommendation or its addendum.

## COMPLETE RECORD

Appellant next argues the requirement for a complete record[8] was not satisfied in two respects. First, the record does not contain two pieces of "demonstrative evidence" used by the trial counsel. One was a blackboard on which the trial counsel wrote various words and phrases, and to which trial counsel and defense counsel referred during examination of an expert witness, and during argument. The other was a piece of airtight plastic "boot" material, used in electric cable installations to seal connections or splices, which a prosecution witness used to demonstrate how appellant had wrapped drugs in such material to smuggle it through customs. Neither of these items were marked as exhibits or admitted into evidence.

■ The required contents of a record of trial are stated at R.C.M. 1103(b)(2) and (3). Exhibits that are marked for and referred to on the record but not received into evidence must be attached to the record. Demonstrative exhibits that are never marked or offered as evidence need not be included in the record. This issue was re-

the two documents together, we are satisfied the convening authority in this case was adequately advised of his responsibility to consider the defense submissions. This record satisfies us the convening authority was provided the proper advice and information upon which to act. *United States v. Pelletier,* 31 M.J. 501 (A.F.C.M.R.1990), *pet. denied,* 32 M.J. 223 (C.M.A.1990).

5. *But cf., United States v. Beaudin,* 35 M.J. 385 (C.M.A.1992); *United States v. Clear,* 34 M.J. 129 (C.M.A.1992).

6. R.C.M. 1107.

7. Appellant's brief cites several decisions of this Court and the Court of Military Appeals concerning the contents of the staff judge advocate's review under prior editions of the Manual for Courts–Martial. These decisions have no weight concerning the staff judge advocate's recommendation under the MCM (1984).

8. In a general court-martial, a complete record of trial is required whenever a punitive discharge is adjudged, and whenever the sentence adjudged exceeds 6 months confinement or other punishments which may be adjudged by a special court-martial. Article 54(c)(1)(A), UCMJ; R.C.M. 1103(b).

solved by this Court in *United States v. Toro*, 34 M.J. 506 (A.F.C.M.R.1991), *pet. granted*, 37 M.J. 33 (C.M.A.1992), which was decided after appellant submitted his assignment of errors. We find no error in the failure to include these items in the record of trial. Furthermore, any objection the defense may have had to treatment of these items as demonstrative exhibits, rather than marking and admitting them into evidence, was waived by failure to object at trial. Mil.R.Evid. 103(a).

The remaining omission from the record of trial is a portion of the testimony of a prosecution witness. The witness was the OSI agent who presented the "character evidence" discussed above. He described how the investigation began with a report that a Senior Airman B's urinalysis was positive for drugs. When interviewed by the OSI, Airman B gave the investigators information about other drug users, and the dominoes began to fall, ultimately implicating appellant and the five witnesses who testified against him. Airman B did not testify at appellant's trial. The omitted testimony was a portion of the OSI agent's testimony in which he described Airman B's assistance to the investigators. Since Airman B did not testify, his credibility was not in issue. The only purpose for the OSI witness' description of Airman B's cooperation with the investigation appears to have been as background to help the finder of fact understand how appellant and the others became implicated.

■ It is settled military law that insubstantial omissions from a record of trial do not render it non-verbatim. *United States v. McCullah*, 11 M.J. 234 (C.M.A. 1981); *United States v. Thomas*, 7 M.J. 299 (C.M.A.1979). The missing testimony in this case is apparently very brief, and it concerns a matter of no relevance to any issue in the case. We find the omission to be insubstantial, and we further find there is no possible prejudice to appellant resulting from it. No relief is warranted.

REQUEST FOR POST–TRIAL HEARING

Appellant has filed with us an affidavit from an airman who was confined with three of the witnesses who testified against appellant. The affidavit describes a conversation among the three witnesses which could be interpreted as indicating a willingness to testify falsely in return for clemency. Appellant asks us to order a post-trial hearing to inquire further into this matter under the authority described in *United States v. Dubay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). We decline to do so.

■ Once a trial by court-martial is concluded, review of the case will generally be limited to the evidence admitted at trial. Documents submitted to this Court during appellate review will not be considered as part of our review of the sufficiency of the evidence. *Toro*, 34 M.J. at 520. The remedy provided in the UCMJ for newly discovered evidence is a motion for a new trial under Article 73, UCMJ and R.C.M. 1210. Appellant's submission to us does not meet the requirements of R.C.M. 1210 for such a motion, which must in any event be submitted to The Judge Advocate General. We are not inclined to create a new remedy for newly discovered evidence in the form requested by appellant. Furthermore, it does not appear that the new evidence in this case, if considered by a court-martial in the light of all other pertinent evidence, would probably produce a substantially more favorable result for the accused.

TENURE AND APPOINTMENT
OF JUDGES

Appellant's assigned errors concerning the tenure and appointment of military trial and appellate judges have been addressed in recent decisions of the Court of Military Appeals, which have found no constitutional defect on either ground. *United States v. Graf*, 35 M.J. 450 (C.M.A.1992); *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992).

We have examined the findings, and we find them legally and factually correct. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offenses, the character and military performance of appellant, and all the circumstances documented in the record of trial.

*United States v. Snelling*, 14 M.J. 267 (C.M.A.1982). We find that the sentence, as adjudged and approved, is not inappropriate.

Accordingly, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge LEONARD and Judge JAMES concur.